[No. 844.]

## Ex Parte R. C. ALLEN.

Habeas Corpus, Sufficiency of Petition.—A petition for *habeas corpus* which fails to state any facts from which it can be inferred that petitioner's imprisonment is illegal is insufficient to authorize the issuance of the writ.

Idem—Section 368 Compiled Laws Construed.—The provisions of the statute that the writ should issue "where a party has been committed on a criminal charge without reasonable or probable cause," only applies to cases where the evidence given upon the examination is insufficient to warrant the committing magistrate in holding the prisoner to answer.

Idem.—Petitioner cannot claim the issuance of a writ of *habeas corpus* for the sole purpose of impeaching the witnesses who testified against him at his examination.

Application for a writ of *habeas corpus*.

The facts sufficiently appear in the opinion.

By Beatty, J.:

This is a petition for the writ of *habeas corpus*, in which the petitioner alleges that he is unlawfully imprisoned by the sheriff of Lander county. But the petition fails to state any facts from which it can be inferred that his imprisonment is illegal, and is, therefore, insufficient to authorize the issuance of the writ. (*Ex Parte Deny*, 10 Nev., 213.)

It appears that the petitioner has been committed for a felony, and it is alleged in general terms that the committing magistrate exceeded his jurisdiction, and that the petitioner is imprisoned without reasonable or probable cause. These are mere conclusions of law, not the statement of facts, and, if nothing further appeared in the petition, would warrant the refusal of the writ. But the petitioner goes on to detail the proceedings had before the district judge of Lander county on the return to a writ of *habeas corpus* heretofore issued in his behalf, from which it appears that he claims the right in this proceeding to introduce evidence to rebut that upon which the committing magistrate acted in holding him to answer. He does not claim (apparently) that there was not reasonable cause for his commitment, but only that

he can impeach the witnesses who testified against him at his examination.

If this is the ground upon which he seeks to be discharged it is not valid. The case provided for in the statute is " where a party has been committed on a criminal charge without reasonable or probable cause." (1 Comp. L., Sec. 368.) This, of course, has reference to the proceedings prescribed by the criminal practice act, and applies only to the cases where the evidence given upon the examination was insufficient to warrant the committing magistrate in holding the prisoner to answer. It does not authorize a retrial in this proceeding of the matters then in issue. The prisoner is not entitled to be discharged upon *habeas corpus* unless his imprisonment was unlawful, and his imprisonment is not unlawful, no matter how innocent he may now be able to prove himself, if the evidence taken on his examination was sufficient to warrant the belief that he was guilty. In such case he must wait until the charge against him has been ignored by the grand jury, or until he has been tried and acquitted. It was never designed by the legislature that the writ of *habeas corpus* should be put to the use which the petitioner seeks to put it to. If every person who has been held to answer on a criminal charge could, by this proceeding, compel the district judges first, and each of the justices of this court in succession afterwards, to give him an examination *de novo*, and for that purpose require witnesses to attend at the county-seat, and here at Carson from the remotest corners of the state the cost and inconvenience to the public would be too burdensome to be borne; and, therefore, when it appears, as it does in this case, that the object of the petitioner is, not to show that he was committed without reasonable cause, but to endeavor to rebut the case made against him at his examination, by the introduction of new testimony or by impeaching the witnesses for the prosecution, the writ will be denied. I have submitted this matter to my associates, and am authorized by them to state that they concur in the conclusion that the petition should be dismissed upon the grounds stated. Let the petition be dismissed.