[No. 20258. In Bank.—September 10, 1887.]

THE PEOPLE, RESPONDENT, v. WILLIAM CLOUGH, APPELLANT.

CRIMINAL LAW—EVIDENCE OF ACCOMPLICE—CORROBORATION OF—INSTRUCTION.—In a prosecution for burglary, the court, after instructing the jury that they could not convict upon the uncorroborated evidence of an accomplice, charged them as follows: "But if you believe that an accomplice has testified in this case, and you believe beyond all reasonable doubt from his testimony, to a moral certainty, that the defendant is guilty of the alleged offense in the information mentioned, and then, in connection therewith, you believe there is evidence outside of that which tends to connect the defendant with the commission of the offense, outside of showing the commission of the offense itself, and the circumstances thereof, then it would be your bounden duty to convict him." *Held*, that under section 1111 of the Penal Code the instruction was proper.

ID.—NATURE OF CORROBORATING EVIDENCE.—Section 1111 of the Penal Code, providing that in order to warrant a conviction on the testimony of an accomplice his evidence must be corroborated, does not require that the corroborating evidence shall be such as shall prove that the accomplice has told the truth; nor does it declare that he must be presumed to have sworn falsely,—such presumption to be overcome only in case the other evidence shall show he has told the truth. It simply requires that in addition to his testimony, however trustworthy it may be, there must, to justify a conviction, be evidence tending to connect the defendant with the commission of the offense.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Atwell & Bradley*, and *T. M. McNamara*, for Appellant.

*Attorney-General Johnson*, for Respondent.

McKINSTRY, J.—The defendant Clough was convicted of burglary of the first degree.

As portion of his charge, the judge of the Superior Court instructed the jury, in the precise language of section 1111 of the Penal Code, as follows:—

"A conviction cannot be had on the testimony of a

accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof"; and in another portion of his charge the learned judge said: "Where a number of persons have been engaged in the commission of an offense, when any one of them turns state's evidence and testifies to the circumstances under which the alleged crime was committed, no one of the parties engaged in the commission of the crime can be convicted upon the testimony of the accomplice, unless there is other evidence outside of his testimony which tends to connect the defendant with the commission of the offense, and the connection is not sufficient if it simply shows the offense or the circumstances of the offense itself."

The language last quoted added no force to the charge previously given in the language of section 1111 of the Penal Code, but we are of opinion that it could not have been understood by the jury as laying down any different rule from that declared in the section referred to. It was, in effect, a statement that to justify a conviction there must be evidence, independent of the testimony of the accomplice, tending to connect the defendant with the commission of the offense, and that such independent evidence was not sufficient if it merely showed the commission of the offense or the circumstances thereof.

After calling the attention of the jury to the distinction between proof of a fact and evidence tending to prove it, the learned judge proceeded: "Whenever the prosecution introduces evidence which tends to connect the defendant with the commission of the given offense, then the jury may take into consideration, and should do so, the evidence of the accomplice, for the purpose of determining whether or not the defendant is guilty of the given offense; but this evidence, which tends to prove

the connection of the defendant with the commission of the alleged offense, must be evidence upon propositions other than those showing the fact of the offense itself committed, and the circumstances thereof."

The judge then told the jury, in substance, that even if they should believe beyond a reasonable doubt, from the testimony of the accomplice, that the defendant was guilty, yet if there was no other independent evidence tending to connect the defendant with the commission of the offense, it was their bounden duty to acquit him. And immediately afterwards the judge said: "But if you believe that an accomplice has testified in this case, and you believe, beyond all reasonable doubt, from his testimony, to a moral certainty, that the defendant is guilty of the alleged offense in the information mentioned, and then, in connection therewith, you believe there is evidence outside of that which tends to connect the defendant with the commission of the offense, outside of showing the commission of the offense itself, and the circumstances thereof, then it would be your bounden duty to convict him."

We do not think the repetition of the word "outside" in the foregoing citation could have misled. As first used, it was evidently intended to exclude the testimony of the accomplice, and to require the corroborating evidence to consist of matter substantiated otherwise than by such testimony.

The instruction last cited is excepted to by appellant, on the ground that "it invades the province of the jury, and sets aside the provisions of section 1111 of the Penal Code, because that section does not make it incumbent upon the jury to convict upon the evidence of an accomplice, although it may be corroborated in some slight respects."

And it was said in argument: "The jury is to be the judge of the evidence, and to say to the jury that it *must* convict a defendant upon any corroboration of the testi-

mony of an accomplice is to say that which no court in this state has a right to say."

But the court did not tell the jury that it was their bounden duty to convict the defendant if there was any evidence tending to corroborate the accomplice; but in effect, if they believed the testimony of the accomplice, and that testimony proved defendant's guilt beyond reasonable doubt, they should convict, provided there was evidence, independent of such testimony, which "tended" to connect the defendant with the offense. The statute does not make it necessary that the evidence bearing upon the corroborative fact shall prove the ultimate fact beyond all reasonable doubt. "The corroborating evidence may be slight; nevertheless the requirements of the statute are fulfilled if there be any corroborating evidence which of itself *tends* to connect the accused with the commission of the offense." (*People* v. *Melvane*, 39 Cal. 616.)

The point in opposition to the instruction may be stated thus:—

A jury has no legal right to believe the testimony of an accomplice unless he is corroborated in the manner prescribed in the Penal Code; they can only convict upon the testimony of the accomplice *and* its corroborations; in other words, in case the independent circumstances tending to connect the defendant with the alleged offense do not establish his guilt beyond a reasonable doubt, they must of themselves persuade and lead to a belief of the accomplice's testimony. It might be contended that the instruction was erroneous because some evidence tending to corroborate might not corroborate the testimony of the accomplice and render it credible; and thus the accomplice's testimony and the slight evidence of corroboration might fail to establish the defendant's guilt to a moral certainty.

But section 1111 of the Penal Code does not require that the corroborating evidence shall be such as shall

prove that the accomplice has told the truth; nor does it declare that he must be presumed to have sworn falsely,—such presumption to be overcome only in case the other evidence shall show he has told the truth. It simply requires that in addition to his testimony,—however trustworthy that testimony,—there must, to justify a conviction, be evidence tending to connect the defendant with the commission of the offense. Of course mere evidence of the *corpus delicti* is not such evidence.

The purpose of the statute is made more apparent by a view of the law as it stood prior to its passage. In Power's Roscoe's Digest of Criminal Evidence, it is said that the condition of the English law as to the corroboration of accomplices was " somewhat peculiar." (Crim. Ev. 121.) It has been repeatedly laid down, both in England and the United States, that a conviction on the testimony of an accomplice uncorroborated is legal. (*Rex* v. *Atwood*, 1 Lea Ch. 464; *Rex* v. *Durham*, 1 Lea Ch. 478, and other cases cited in Roscoe; *Case of Brown et al.*, 2 Rog. C. R. 38; *People* v. *Wheeler*, 1 Wheel. C. C. 448; *McDowell's Case*, 5 Rog. C. R. 94; *People* v. *Costello*, 1 Denio, 83; *State* v. *Brown*, 3 Strob. 508; *Stocking* v. *State*, 7 Ind. 326; *Dick* v. *State*, 30 Miss. 593; *State* v. *Stebbins*, 29 Conn. 463; *State* v. *Watson*, 31 Mo. 361; *Steinham* v. *United States*, 2 Paine, 168.)

While the law was fully established in England that one charged with crime could be convicted upon the uncorroborated testimony of an accomplice, the judges almost invariably advised juries not to convict upon such uncorroborated testimony. They sometimes went further and directed an acquittal, where the testimony of an accomplice was the only evidence. In Roscoe it is said the law was in an anomalous state. " For it is universally agreed by all the authorities that if the accomplice were uncorroborated, a judge would be wrong who did not advise the jury not to convict; whereas the

court of criminal appeal would be bound to pronounce an opinion that the judge who did not so advise them was right."

The apparent anomaly is done away with by section 1111 of our Penal Code. Under it, although the jurors are the sole determinators of the facts proved by the evidence, yet if there is *no* evidence other than the testimony of the accomplice tending to connect the defendant with the commission of the offense, the judge may direct an acquittal.

This, however, simply because the statute prohibits a verdict based upon the testimony of an accomplice alone, even although the jury may believe such testimony to be entirely true, and that it establishes the defendant's guilt beyond reasonable doubt; not because the jurors are prohibited from *believing* the testimony of the accomplice in the absence of the corroboration mentioned in the statute. The legislature might have declared an accomplice incompetent to be a witness; but he may be a witness, and the legislature have not said that he shall not be believed if uncorroborated, but that a *conviction* shall not be had upon his testimony unless there is other evidence tending to prove the defendant's complicity in the offense charged. As to those who have faith in their movements, the worlds move notwithstanding any attempt to forbid such faith. The law-makers have deemed the motives to intellectual assent too complicated and too sacred to be interfered with. But they have limited the practical consequences of the reliance of jurors upon the testimony of an accomplice, by providing that no verdict shall be based on his testimony, in the absence of other evidence tending to prove the guilt of the defendant. If, however, there is *any* independent evidence tending to prove such connection of the defendant with the crime, the Superior Court will not be justified in directing an acquittal; and

it is obvious that the power so to direct must be exercised with extreme caution.

On the argument, it was suggested that the court below exclude from the consideration of the jury all the evidence except the testimony of the accomplice, and any independent evidence tending to connect the defendant with the offense charged. But the instructions left it with the jury to decide whether they should believe the testimony of the accomplice. In deciding that question, they were bound to take into consideration all testimony contradictory of that of the accomplice, and all circumstances — including the fact that he *was* an accomplice if he was one — tending in their nature to affect his credibility. The jury were told carefully to scrutinize all the testimony, and were properly charged as to reasonable doubt.

The instructions with respect to the testimony of an accomplice were needlessly prolix and repetitive, but there was no substantial error in the charge prejudicial to the rights of defendant. There was evidence other than the testimony of the accomplice tending to connect the defendant with the offense charged.

Judgment and order affirmed.

TEMPLE, J., THORNTON, J., SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.