# The State *v.* Smith.

*Appeal from Order of the Court discharging Prisoner.*

1. *Habeas corpus; prisoner entitled to a discharge when committed by a magistrate, upon uncorroborated testimony of an accomplice.*—Under the policy, as expressed in the statute, forbidding a conviction of felony upon the uncorroborated testimony of an accomplice, (Code, § 5300), the uncorroborated testimony of an accomplice, before a committing magistrate upon preliminary investigation, is not sufficient to show probable cause to believe that a felony has been committed and that the party under inquiry is guilty thereof.

APPEAL from Order of the Probate Judge of Coffee County.

Heard before the Hon. F. M. RUSHING.

The proceedings in this case were had upon a petition

filed by the appellee, Henry Smith, addressed to the Pro-
bate Judge of Coffee county, asking for a writ of *habeas
corpus,* and that he be discharged, it being averred in the
petition that he was in custody under a *mittimus,* issued
by a justice of the peace on a preliminary hearing upon
an affidavit, charging the petitioner with grand larceny.
The facts of the case are sufficiently stated in the opin-
ion.    Upon the hearing the judge rendered an order,
granting the prayer of petition, and discharging the·
prisoner.    The other facts are sufficiently stated in the
opinion.

MASSEY WILSON, Attorney General for the State.—
This being an application for discharge on *habeas cor-
pus,* it was the duty of defendant to see that all of the
witnesses examined before the committing magistrate
were produced and examined, and in the absence of any
material witness who previously testified against him,
the question for consideration should relate only to the
amount of bail, if the case be bailable.    The principal
witness in the case, and who made the affidavit, was not
examined before the judge of probate, nor his absence
accounted for, and the defendant was not entitled to be
discharged without bail.—*Ex parte West,* 100 Ala. 65;
*Ex parte Champion,* 52 Ala. 311; 1 May. Digest, 402.

J. F. SANDERS, for appellee.—The defendant was enti-
tled to a discharge because the only evidence before the
committing magistrate was the uncorroborated testi-
mony of an accomplice.—Code, § 5300.

McCLELLAN, C. J.—Some doubt was expressed or
implied in *Ex parte West,* 100 Ala. 65, of the soundness
of the propositions announced in *Ex parte Champion,*
52 Ala. 311, to the effect that when a prisoner commit-
ted on preliminary examination applies for his dis-
charge on *habeas corpus,* he "ought not to be discharged
without all the witnesses that had been previously ex-
amined against him, if still living and attainable, being
produced and examined," and that "in the absence of
any material witness who previously testified against

[The State v. Smith.]

him, the question for consideration should relate to the amount of bail, if the case be bailable." What was thus said in *Champion's case* and also what was said in *West's case* in criticism thereof seem to have been *dicta*. We do not propose to declare here which of these *dicta* is sound, for, being unnecessary to the decision of the case in hand, our declaration would be *dictum* also; but we refer to those cases here for the purpose of convenience in future discussions of the question when its determination may become necessary.

In the present case we hold that the bill of exceptions shows that all the testimony adduced before the committing magistrate was before the probate judge on the trial had in response to the petition for *habeas corpus* and discharge. It was shown that only one witness was examined by the magistrate, that that witness was present at the trial on *habeas corpus* before the probate judge so that he might have been examined by the State if its prosecuting officer had desired to examine him, and that the petitioner admitted not only that he would testify on this trial what he had deposed to on the preliminary hearing, stating what his testimony on that hearing was, but also that that testimony would be sufficient to show probable cause to believe the petitioner guilty of the offense charged and hence to require a denial of his prayer to be discharged, but for the fact that the witness, as shown by his testimony as adduced on the former trial and as brought before the court in the manner we have indicated on this trial, was an accomplice of the petitioner if the latter was at all implicated in the offense. In our opinion, the whole of the evidence on preliminary hearing was in this manner laid before the probate judge; and we shall consider the case here as if that witness had been sworn and examined, saving the possible complication that might have resulted from the petitioner's having introduced him.

The above conclusion leaves but one question in the case. That is whether the uncorroborated testimony of an accomplice may be sufficient to show probable cause to believe that a *felony* has been committed and that the party under inquiry is guilty thereof. An accomplice

was a competent witness at common law, when in the discretion of the court or prosecuting officer he was admitted as a witness; but his testimony was regarded as issuing from a polluted source, and it was the recognized practice of the courts to charge juries that it should be received with caution and closely and doubtingly examined, and to advise them that a conviction should not be had upon it unless it was corroborated in some material particular to the connection of the defendant with the act charged.—1 Am. & Eng. Ency. Law, pp. 393, 397, 398-400.

Many years ago the foregoing principles of the common law were accentuated and chrystalized into a statute in this State which positively forbade a conviction in any case, felony or misdemeanor, on the uncorroborated testimony of an accomplice. By an act of 1863 it was provided that said statute should "not extend to trials on indictments for misdemeanor," and thereafter the original statute took on the form it now has as embodied in section 5300 of the Code, viz.:—"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense, or the circumstances thereof, is not sufficient." It is to be noted that this statute in terms operates only to prevent *convictions* of felony on the testimony of an accomplice. It does not in terms apply to preliminary examinations nor to trials on *habeas corpus* nor to the exclusion of a finding of probable cause for believing that an offense has been committed and that the accused is guilty thereof, on such examination or trial. Yet, in our opinion, its effect is to stamp a policy upon the administration of the law in this connection which cannot be carried out unless it be given operation upon cases where the inquiry is probable cause *vel non*, as well as where the inquiry is as to absolute guilt. The statute infects the testimony of accomplices with such absolute infirmity as that not only may the citizen be not convicted upon it, but as also that he should not be deprived of his liberty

[The State *ex rel.* Higdon v. Jelks, as Governor, etc.]

in anticipation of a final trial upon it. A consideration of practicabilities in the administration of the criminal law, so to speak, would seem to enforce the same conclusion. Why should the citizen be held to the grand jury, or indicted by the grand jury on testimony upon which no petit jury could possibly convict him? What good end could be served by such a proceeding? Can there be said to be even probable cause shown in any case by testimony which the law expressly and positively declares to be insufficient to support a conviction? We think not. The whole theory of holding accused persons to the grand jury is that the evidence before the examining magistrate or the judge on *habeas corpus* is sufficient to sustain a finding of guilt by a petit jury when he shall be indicted and brought to the bar of the court. When there is not such evidence, it is not the contemplation of the law that the accused shall be held. To hold him would be a vain and useless thing, involving his incarceration not as a punishment for crime and not really to the end that he should be tried for a crime charged of his probable guilt of which there is evidence to prove, but at the best upon a mere speculation that evidence may be found to corroborate that of the accomplice. The evidence before the probate judge in this case tending to show the guilt of the petitioner was that of the accomplice alone and uncorroborated. The judge correctly discharged the petitioner, and his order to that effect is affirmed.