# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## JULY TERM, 1915

[No. 2183]

In the Matter of the Application of JAMES OXLEY
AND JAMES MULVANEY for a Writ of Habeas
Corpus.

[149 Pac. 992]

1. .CRIMINAL LAW — DISCHARGE ON PRELIMINARY EXAMINATION —
BAR TO SECOND EXAMINATION AND COMMITMENT.

In the absence of statute, the fact that a defendant accused
of felony has been discharged on preliminary examination does
not bar examination and commitment upon another complaint,
charging the same offense.

2. CRIMINAL LAW — DISCHARGE ON PRELIMINARY EXAMINATION —
BAR TO SECOND EXAMINATION AND COMMITMENT—STATUTE.

Stats. 1913, c. 209, provides that if upon preliminary exami-
nation on information the accused has been discharged, the dis-
trict attorney, upon affidavit of any person who has knowledge
of the commission of an offense, and who is a competent wit-
ness to testify, setting forth the offense and the name of the
person charged, upon being furnished with the names of the
witnesses for the prosecution, may, by leave of the court, file
an information, and process shall issue thereon. An informa-
tion was filed, charging defendants with grand larceny. Upon
preliminary examination they were discharged, and thereupon,
a second information. charging the same offense being filed
against them, they were committed, and sought *habeas corpus,*
contending that the statute rendered such commitment invalid.
*Held,* that while such statute was necessary to authorize prose-
cution on information, since it contained nothing negativing
the magistrate's power to hold a second preliminary examina-
tion after the accused's discharge, the mere fact that it provided

a method whereby an information could be filed against one so previously discharged did not operate to change the nonstatutory rule that discharge on a prior examination is no bar to another examination and a commitment for the same offense.

3. CRIMINAL LAW — PRELIMINARY EXAMINATION — CREDIBILITY OF WITNESSES.

The credibility and weight of the testimony of a witness on the preliminary examination of one accused of crime is a matter for the examining magistrate.

4. HABEAS CORPUS—APPEAL—PRESUMPTIONS FAVORING COURT BELOW —EVIDENCE ON PRELIMINARY EXAMINATION.

On appeal or *habeas corpus* the supreme court must assume that the magistrate, committing one accused of crime on preliminary examination, gave credence to any testimony supporting his decision.

5. CRIMINAL LAW—EVIDENCE—TESTIMONY OF ACCOMPLICE—NECESSITY FOR CORROBORATION—PRELIMINARY EXAMINATION.

The general rule of Rev. Laws, sec. 7180, providing that a conviction of crime cannot be had on the uncorroborated testimony of an accomplice, is to be applied where the sole witness against the defendant on his preliminary examination is an accomplice, and a commitment on his uncorroborated testimony is not on reasonable or probable cause.

ORIGINAL PROCEEDING. Petition of James Oxley and James Mulvaney for a writ of *habeas corpus*. **Writ granted,** and petitioners ordered to be discharged from custody.

*James Dysart* and *J. M. McNamara*, for Petitioners:

There is no statute authorizing a second arrest and a second preliminary examination where a party has been discharged by a committing magistrate because of the insufficiency of the evidence to support the alleged offense. (Rev. Laws, sec. 6930, *et seq.*) The district attorney cannot disregard the criminal statutes which provide a method of procedure in criminal cases. And criminal statutes must be strictly construed. (Wharton, Crim. Law, 11th ed. vol. 1, p. 52; *U. S.* v. *Clayton,* Fed. Cas. No. 14,814; *U. S.* v. *Sheldon,* 4 L. Ed. 199; *U. S.* v. *Morris,* 10 L. Ed. 543.)

The evidence is insufficient to warrant the magistrate in ordering the petitioners held to answer for an alleged offense. (*Eureka County Bank Cases,* 35 Nev. 80; *In Re Kuhns,* 36 Nev. 487; *In Re Roberson,* 38 Nev. 326.)

The sole witness against the petitioners is an accomplice. A conviction shall not be had on the uncorroborated testimony of an accomplice. (Rev. Laws, sec. 7180; Words & Phrases, vol. 1, p. 75.)

*Geo. B. Thatcher*, Attorney-General, for Respondent.

By the Court, NORCROSS, C. J.:

This is an original proceeding in *habeas corpus*. Upon a complaint sworn to on the 24th day of May, 1915, charging petitioners with the crime of grand larceny, petitioners were arrested, and thereafter, upon a preliminary examination held before the justice of the peace in and for Elko township, county of Elko, on the 29th day of May, 1915, petitioners were ordered discharged from custody upon the ground of insufficiency of the evidence offered to justify holding the petitioners to answer. Thereafter and on the same day, following the discharge of petitioners, a second complaint was sworn to before said justice of the peace by the district attorney of Elko County, charging petitioners with the same offense upon which the examination had previously been held and petititioners discharged. Upon a warrant issued on the complaint last mentioned petitioners were arrested and brought before the magistrate. Thereafter, and on the 7th day of June, 1915, over the objection of counsel for petitioners that the court was without jurisdiction to conduct a second preliminary examination, a preliminary examination was held before such justice of the peace, and, following the conclusion of the same on the 9th day of June, 1915, petitioners were held to answer upon the charge of grand larceny, and in the absence of bail were committed to the sheriff of Elko County, who now holds petitioners in custody upon such commitment.

It is the contention of counsel for petitioners that the commitment is void for the reason that the justice of the peace was without jurisdiction to commit petitioners upon a second preliminary examination following a discharge upon a previous preliminary examination; the offense

charged being the same in both the proceedings.    It is further contended that petitioners are held without reasonable or probable cause.    Section 9 of an act entitled "An act providing for the prosecution and punishment of crimes, misdemeanors and offenses by information," approved March 24, 1913, as amended February 12, 1915, reads as follows:

"An information may be filed against any person for any offense when such person has had a preliminary examination as provided by law before a justice of the peace, or other examining officer or magistrate, and has been bound over to appear at the court having jurisdiction, or shall have waived his right to such preliminary examination.    If, however, upon such preliminary examination the accused has been discharged, or the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process shall forthwith issue thereon."

[1] Unless the section of the statute above quoted provides an exclusive method of procedure in case the defendant has been discharged upon a preliminary examination, the fact that a defendant accused of the commission of a felony has been so discharged does not bar another preliminary examination upon a complaint charging the same offense.    (*Ex Parte Fenton,* 77 Cal. 183, 19 Pac. 267; *People* v. *Dillon,* 197 N. Y. 254, 90 N. E. 820, 18 Ann. Cas. 552; *Ex Parte Robinson,* 108 Ala. 161, 18 South. 729; *State* v. *Jones,* 16 Kan. 608; *Gaffney* v. *Circuit Judge,* 85 Mich. 138, 48 N. W. 478; *In Re Garst,* 10 Neb. 78, 4 N. W. 511; *State* v. *Munroe,* 26 R. I. 38, 57 Atl. 1057; *Commonwealth* v. *Sullivan,* 156 Mass. 487, 31 N. E. 647;

Bishop's Criminal Law, vol. 1, sec. 114; 12 Cyc. 313; 17 Am. & Eng. Ency. Law, 586.)

[2] We do not think there is anything in the provisions of section 9 of the act authorizing the district attorney to proceed upon information, quoted *supra*, which would justify this court in construing the provisions of that section to operate to change the well-settled law that a preliminary examination, resulting in the discharge of a defendant, is not a bar to a second preliminary examination for the same offense. A preliminary examination is in no sense a trial and hence does not operate to place a defendant in jeopardy, and this is the reason assigned by the courts why a discharge upon one preliminary examination does not operate as a bar to a subsequent examination upon the same charge. A "prosecution," as that term is technically understood in the constitution and statutes, is not instituted until an indictment or information is filed against a defendant. The object of a preliminary examination is simply to determine whether sufficient evidence exists to warrant holding the defendant to answer, either upon an indictment returned by a grand jury or information filed by a district attorney. A discharge of a defendant upon a preliminary examination has never been held to affect the right of a grand jury to proceed and indict such defendant notwithstanding such discharge. While a constitutional or statutory provision must exist to authorize a prosecution upon information, whether the defendant has or has not been held to answer, unless there is something in the statute clearly negativing the power in a magistrate to hold a second preliminary examination after a discharge upon a prior preliminary examination for the same offense, the mere fact that the statute provided a method of procedure, whereby an information could be filed against a defendant who had been previously discharged, would not, we think, operate to change the prior existing law governing such examination.

We come now to a consideration of the contention of

counsel that petitioners were held without reasonable or probable cause. The state offered the testimony of two witnesses against petitioners at the preliminary examination, but the only testimony that could be considered material was given by the witness Howard Madden. The witness Madden testified that, on or about the 10th day of May, 1915, he met the petitioners, together with one Bently, driving a team hitched to a farm wagon along the road at Town Creek, in Elko County; that traveling ahead of the team was a bunch of eight or ten cattle; that Bently requested the witness to ride in ahead of the cattle, which he did, whereupon the petitioner Mulvaney shot one of the cattle with a rifle; that the witness did not remain after the animal was shot, but rode on; that he was only present about two minutes; that he saw that the animal shot was branded with a figure "3"; that the brand belonged to Weeks; that the animal had earmarks, but he could not tell what it was; that upon the former preliminary examination he testified that he did not see any brand or earmarks on the animal killed; that the reason he so testified was because he had forgotten that he had seen such brand or earmarks, but had since remembered that he did; that one of the officers had told him he had better tell all that he knew—that he might "go the road" if he didn't tell all that he knew; that he did not remember what side the brand was on; that his brother told him to think about whether he could remember that he saw a brand or earmark on the animal killed; that he knew the animal belonged to Weeks; that he was sure of it; that it was their iron on it; that at the former preliminary examination he stated that he did not know to whom the animal belonged; that he was told at first if he would tell all that he knew, they would let him go; that that was not the reason he changed his testimony; that he did not notice how many cattle in the bunch were branded with the same iron; that he saw the brand before the animal was killed.

The petitioners were charged with a violation of the

provision of section 375 of the crimes and punishments act (Rev. Laws, sec. 6640) reading:

"Every person who, with intent to defraud, or to appropriate to his own use, shall wilfully kill any animal running at large, not his own, whether branded, marked or not,  * * *  shall be deemed guilty of grand larceny.

[3-4] Ordinarily the credibility of a witness and the weight to be attached to his testimony is a matter for the magistrate to determine, and upon *habeas corpus* or upon appeal, if there is testimony supporting the decision or order of the court, this court is bound to assume that credence was given to such testimony. (*Eureka Bank Cases*, 35 Nev. 104, 126 Pac. 655; 129 Pac. 308; *Ex Parte Allen*, 12 Nev. 87; *Ex Parte Willoughby*, 14 Nev. 451.)

Upon the question of the sufficiency of the evidence to support an order holding a defendant to answer, this court, in the case of *In Re Kelly*, 28 Nev. 491, 499, 83 Pac. 223, said:

"We are not called upon, on this hearing, to pass upon the sufficiency of this evidence to warrant the conviction of the defendant, and upon that question express no opinion. In this connection it is proper to observe that a magistrate, in holding a defendant to answer for a crime, is not required to have submitted evidence sufficient to establish the guilt of the person charged beyond a reasonable doubt. As was said in a recent decision (*In Re Mitchell*, 1 Cal. App. 396, 82 Pac. 347): 'In order to hold defendant and put him on his trial, the committing magistrate is not required to find evidence sufficient to warrant a conviction. All that is required is that there be sufficient legal evidence to make it appear that "a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof." ' "

It is the contention of counsel for petitioners, however, that the only testimony in support of the order was that of an accomplice, and that, in the absence of corroboration, such testimony is insufficient to support an order holding to answer. We have not had the benefit of brief

or oral argument upon the part of counsel for the state, but an examination of the record convinces us that the witness Madden should be regarded as an accomplice. It appears from his testimony that he rode ahead of the cattle and stopped them, thus aiding in the perpetration of the offense. At the time of the first preliminary examination he testified that he was then under arrest upon a similar charge. While the complaints against petitioners are not in the record, it appears that the charge against the witness was for an offense committed on or about the same date as the date alleged in the charge against petitioners. The witness further testified upon the first examination that he had been offered immunity if he would testify. There is no corroboration whatever of the testimony given by the witness Madden, and the question is squarely presented whether the uncorroborated testimony of an accomplice can make out sufficient probable cause to support an order holding a defendant to answer. The only case squarely in point which we have been able to find is *State* v. *Smith*, 138 Ala. 111, 35 South. 42, 100 Am. St. Rep. 26. The Alabama statute, relating to the testimony of an accomplice, considered in the Smith case, *supra*, is substantially the same as section 7180 of our Revised Laws. The Alabama court, speaking through McClellan, C. J., said:

"The above conclusion leaves but one question in the case. That is whether the uncorroborated testimony of an accomplice may be sufficient to show probable cause to believe that a felony has been committed, and that the party under inquiry is guilty thereof. * * * It is to be noted that this statute in terms operates only to prevent convictions of felony on the testimony of an accomplice. It does not in terms apply to preliminary examinations, nor to trials on *habeas corpus*, nor to the exclusion of a finding of probable cause for believing that an offense has been committed, and that the accused is guilty thereof, on such examination or trial. Yet, in our opinion, its effect will be to stamp a policy upon the administration of the law in this connection which

cannot be carried out unless it be given operation upon cases where the inquiry is probable cause *vel non,* as well as where the inquiry is as to absolute guilt. The statute infects the testimony of accomplices with such absolute infirmity as that not only may the citizen be not convicted upon it, but as also that he should not be deprived of his liberty in anticipation of a final trial upon it. A consideration of practicabilities in the administration of the criminal law, so to speak, would seem to enforce the same conclusion. Why should the citizen be held to the grand jury, or indicted by the grand jury on testimony upon which no petit jury could possibly convict him? What good end could be served by such a proceeding? Can there be said to be even probable cause shown in any case by testimony which the law expressly and positively declares to be insufficient to support a conviction? We think not. * * * To hold him would be a vain and useless thing, involving his incarceration not as a punishment for crime and not really to the end that he should be tried for a crime charged of his probable guilt of which there is evidence to prove, but at the best upon a mere speculation that evidence may be found to corroborate that of the accomplice. The evidence before the probate judge in this case tending to show the guilt of the petitioner was that of the accomplice alone and uncorroborated. The judge correctly discharged the petitioner, and his order to that effect is affirmed."

The Court of Appeals of California, in *Re Mitchell,* 1 Cal. App. 396, 82 Pac. 347, touched upon a similar question in the following manner:

"It is next claimed there is no evidence connecting the petitioner with the commission of the offense, except that of the witness Holmes, who is shown * * * to be a coconspirator and an accomplice. * * * The evidence of the witnesses N. Jakuliza, A. Prothero, J. W. Ling, Martinovich, Arnold Adams, and Thomas Fulton, taken together, tends in a strong degree to identify the petitioner as one of the guilty parties, and tends to connect him with the commission of the offense. The

evidence produced upon the preliminary examination, independent of that given by the accomplice Holmes, would probably not be sufficient to show beyond a reasonable doubt the guilt of petitioner, but, in order to hold the defendant and to put him on his trial, the committing magistrate is not required to find evidence sufficient to warrant a conviction."

[5] Were we inclined to doubt the wisdom of viewing the uncorroborated testimony of an accomplice with the same strictness when considering it in reference to a preliminary examination as upon a trial, we are quite sure that a comparison of the testimony given by the witness Madden upon the second examination with that given by him upon the first examination would remove any such doubt. His conflicting and utterly irreconcilable statements in reference to material matters affords a concrete illustration of the fact that the rule had its origin in necessity.

Petitioners having been committed to the custody of the sheriff of Elko County on a charge of grand larceny without reasonable or probable cause, it is ordered that they be discharged forthwith from custody upon such commitment.