[Crim. No. 597.    Second Appellate District.—March 13, 1918.]

In the Matter of the Application of ALEXIS M. SCHWITALLA, for a Writ of Habeas Corpus.

CRIMINAL LAW—PRELIMINARY EXAMINATION—PROBABLE CAUSE—EVI-
    DENCE—UNCORROBORATED TESTIMONY OF ACCOMPLICE.—While a de-
    fendant cannot be convicted upon the uncorroborated testimony of
    an accomplice, the testimony of an accomplice is admissible and
    proper to be considered on the preliminary examination of the de-
    fendant, and may be sufficient to establish probable cause for hold-
    ing him to answer for trial in the superior court.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District to secure discharge from custody under a commitment upon alleged insufficient evidence.

The facts are stated in the opinion of the court.

Harry A. Chamberlin, for Petitioner.

Thomas Lee Woolwine, District Attorney, and Asa Keyes, Deputy District Attorney, for Respondent.

JAMES, J.—*Habeas corpus.* Petitioner asks to be discharged from the custody of the sheriff of Los Angeles County, to which he was heretofore committed by a magistrate. A complaint in sufficient form, charging defendant with the crime of arson, was filed before the magistrate and after examination had, at which testimony was taken, the order holding defendant to answer for trial to the superior court was made and commitment issued. One contention urged is that the evidence was insufficient to establish probable cause for the holding of the defendant. The principal evidence against the defendant was furnished by an accomplice in the alleged crime. This accomplice very fully narrated the acts which the defendant did and which were participated in by the witness, all of which showed that the fire was the result of a deliberate plan of the defendant. There was the further testimony of a witness who was not an accomplice, wherein it was shown that the defendant, some months prior to the time the building was burned, solicited

the co-operation of that witness to the end that the building which was ultimately destroyed should be set fire to. We are not prepared to concede, notwithstanding the holding made by the supreme court of Nevada in *Ex parte Oxley,* 38 Nev. 379, [149 Pac. 992], that the uncorroborated testimony of an accomplice may not be sufficient to establish probable cause. We think that it may be sufficient. While a defendant cannot be convicted upon the uncorroborated testimony of an accomplice, the testimony of an accomplice is admissible, and is proper to be considered, and we think is sufficient to make it appear that there is a "probability" that a defendant has been guilty of the offense charged against him. Our supreme court, in *People* v. *Cokahnour,* 120 Cal. 253, [52 Pac. 505], held that the unsworn written confession of a defendant, which constituted the entire evidence submitted to the committing magistrate, was sufficient to justify an order determining that probable cause existed upon which the defendant was held to answer. (See, also, *Ex parte Heacock,* 8 Cal. App. 420, [97 Pac. 77].) And we may add that, to our minds, the testimony of the independent witness who gave evidence of the plan of the defendant to burn the building several months prior to the time the fire actually occurred furnished some corroboration, slight though it was, of the testimony of the accomplice.

The writ is discharged and petitioner remanded to the custody of the sheriff of Los Angeles County.

Conrey, P. J., and Works, J., *pro tem.,* concurred.