[Crim. No. 3487. In Bank.—January 22, 1932.]

THE PEOPLE, Respondent, v. S. H. McCOLLUM, Appellant.

Edgar B. Hervey and Kendall P. Perkins for Appellant.

U. S. Webb, Attorney-General, and John D. Richer and John L. Flynn, Deputies Attorney-General, for Respondent.

WASTE, C. J.—Appellant was charged by separate counts in an information (No. 2431) with the crimes of rape and incest committed on his own sixteen year old daughter. By a separate information (No. 2432) he was charged with sex perversion practiced on the same child, a violation of section 288a of the Penal Code. The jury returned verdicts of guilty on the charges of incest and sex perversion, and not guilty on the charge of rape. From the judg-

ments of conviction and orders denying his motions for a new trial the defendant appealed.

The conviction on the charge of incest was affirmed (*People* v. *McCollum*, 116 Cal. App. 55 [2 Pac. (2d) 432]), and the judgment on the sex perversion charge was reversed ([Cal. App.] 2 Pac. (2d) 434). No petition for a hearing in the Supreme Court was filed by the appellant and our records show that the *remittitur* in the incest case has been transmitted to the trial court. The judgment of conviction in that cause is, therefore, in full force and effect. The District Court of Appeal in its decision on the sex perversion charge (violation of section 288a of the Penal Code), held, in effect, that the prosecutrix was an accomplice to that crime, and, failing to find in the record any corroboration of her testimony, reversed the judgment of conviction. On petition of the attorney-general, and because of the fact that, pending the appeal in this case, the District Court of Appeal of the Second Appellate District, Division Two, handed down a decision in *People* v. *Roy Johnson*, 115 Cal. App. 704 [2 Pac. (2d) 216], in effect contrary to the holding in this case on the question of the prosecutrix being an accomplice, we transferred the case to this court for further consideration.

 We are of the view that the decision in this case is correct, and that the opinion in *People* v. *Johnson, supra;* while correct in its application to the facts there considered, does not apply to the present situation. *Any person* participating in the act forbidden by section 288a of the Penal Code is guilty of the offense. The prosecutrix in this case, being over the age of fourteen years, was capable of committing the crime. (Pen. Code, sec. 26, subd. 1.) She was therefore liable to prosecution for the identical offense charged against the defendant on trial in the cause in which her testimony was given. (Pen. Code, sec. 1111.) She being an accomplice, and this court, like the District Court of Appeal, being "unable to find in the record any corroboration of the testimony of the prosecutrix" on the charge of violating section 288a of the Penal Code, the judgment appealed from is reversed.

Preston, J., Langdon, J., Curtis, J., Seawell, J., Shenk, J., and Richards, J., concurred.