[Crim. No. 3079. Second Appellate District, Division One.—May 3, 1938.]

THE PEOPLE, Respondent, v. ERNEST H. REYNOLDS, Appellant.

Donald MacKay and S. W. Thompson for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

WHITE, J.—In an indictment returned by the grand jury of Los Angeles County, defendant was accused of three violations of section 288a of the Penal Code and one violation of section 288 of the same code. Counts I and II of the indictment charged violations of section 288a of the Penal Code on the 28th day of September, 1937, while counts III and IV involved respectively violations of sections 288a and 288 of the Penal Code on the first day of May, 1937. At the time of the commission of the offenses charged as having been committed on September 28th, the complaining witness was fourteen years of age, while on the date charged in counts III and IV he was thirteen years old.

After trial before a jury, guilty verdicts were returned on all counts. From the several judgments pronounced against him and from the order denying his motion for a new trial, defendant prosecutes this appeal.

Appellant does not challenge the correctness of the convictions had upon counts I, II and IV, thereby conceding the sufficiency of the evidence to sustain such convictions; and his sole contention is that as to count III the complaining witness was an accomplice within the meaning of section 1111 of the Penal Code, and that his testimony in relation to the offense charged in count III was not corroborated by such other evidence as tended to connect appellant with its commission.

It is conceded that the complaining witness, although slightly under the age of fourteen years, was nevertheless an accomplice, for the reason that he was possessed of knowledge of right and wrong and at the time of the commission of the offense charged in count III he knew its wrongfulness (subd. 1, sec. 26, Pen. Code); and the attorney-general in

his brief with reference to count III says, "The only direct evidence establishing the commission of this offense was the testimony of the complaining witness."

That this case was tried upon the theory that the boy was an accomplice there can be no doubt. The learned trial judge of the superior court properly instructed the jury upon the necessary corroboration of an accomplice which would justify a conviction. We are convinced that this course was the proper one, because taking the testimony of the complaining witness as true, in connection with count III he was undoubtedly an accomplice (*People* v. *McCollum*, 214 Cal. 601, 602 [7 Pac. (2d) 301]; *People* v. *Robbins*, 171 Cal. 466, 472 [154 Pac. 317]); and in fairness to the trial judge, it should be said that reference by us to the transcript indicates that the question of the sufficiency of the corroborative evidence as to count III was not presented on the motion for a new trial.

Respondent, however, seeks to justify the conviction on count III for the reason that there was corroborative evidence of the lewd and lascivious acts which formed the basis of the charges contained in counts I, II and IV of the indictment, and which evidence of acts similar to the one charged in count III tended to prove a lewd and lascivious disposition and tendency upon the part of appellant. The attorney-general argues that the establishment of such perverted tendencies upon the part of appellant supplies the corroboration necessary to warrant a conviction upon the specific charge contained in count III; citing in support thereof *People* v. *Troutman*, 187 Cal. 313 [201 Pac. 928]. This case, however, is not in point, because it involved a prosecution for violation of section 288 of the Penal Code in which the complaining witness was not, as in the instant case, an accomplice. While it is true that evidence of similar acts tending to prove a lewd and lascivious disposition and the tendency of the defendant to commit lewd and lascivious acts, is admissible, and would be corroborative of the specific charge, still the question before us is whether it is sufficient corroboration when the only other testimony in the record consists of that given by an accomplice.

The corroborative evidence relied upon by respondent in the instant case as to count III thereof falls far short of the legal requirements to constitute corroboration (*People* v. *Kempley*, 205 Cal. 441, 461 [271 Pac. 478]; *People* v. *Davis,*

210 Cal. 540, 554, 555, 556 [293 Pac. 32]), because the law requires that such testimony offered in corroboration of the testimony of an accomplice shall of *itself* tend to connect the defendant with the offense charged; and the claimed corroborative evidence as to count III does not even show "the commission of the offense or the circumstances thereof" within the rule laid down in section 1111 of the Penal Code. Regardless of how the claimed corroborative evidence be viewed, nevertheless, in order to give it effect even as tending in that direction it is necessary at every point to interpret and explain this "corroboration" in the light of the testimony of the accomplice. It requires the testimony of the accomplice to give it direction to the alleged crime before it can be said to connect the defendant with the commission of that crime. Not even the *corpus delicti* of the offense charged in count III can be established without reference to the testimony of the accomplice. Even though it be assumed that the corroborative evidence arouses a suspicion of defendant's guilt, still it is firmly established in our law that more than mere suspicion is required by way of corroboration. (*People* v. *Yeager,* 194 Cal. 452, 473 [229 Pac. 40]; *People* v. *Kelly,* 69 Cal. App. 558, 570 [231 Pac. 767]; *People* v. *Taylor,* 70 Cal. App. 239, 244 [232 Pac. 998]; *People* v. *Jones,* 87 Cal. App. 482 [262 Pac. 361]; *People* v. *Robbins, supra,* 470; *People* v. *Kempley, supra,* 456; 8 Cal. Jur. 178.)

▆ Section 1111 of the Penal Code is mandatory (*People* v. *Allison,* 200 Cal. 404 [253 Pac. 318]); and a conviction cannot stand unless the testimony of the accomplice is corroborated in accordance with the standards laid down by the courts in the interpretation of the statute. "The court has no discretion in the matter, but is bound to apply the statute indiscriminately to all cases wherever an accomplice appears as a witness, and the state's case depends solely upon his uncorroborated testimony." (*People* v. *Robbins, supra,* 466, 469.) When, as here, the testimony of the accomplice is not sufficiently corroborated, the conviction of the accused is wholly wanting in a legal foundation to support it. (*People* v. *Viets,* 79 Cal. App. 576, 587 [250 Pac. 588].)

For the foregoing reasons, the judgment and order denying the motion for a new trial as to count III are reversed and the cause remanded for a new trial as to that count only. The judgments entered on counts I, II and IV are, and

each of them is, affirmed, and the order denying the motion for a new trial as to said counts I, II and IV is affirmed.

York, P. J., and Doran, J., concurred.