[Crim. No. 2319. First Dist., Div. Two. Dec. 20, 1944.]

THE PEOPLE, Respondent, v. JOSEPH TENNER, Appellant.

Nathan C. Coghlan and William F. Herron for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, and Edmund Brown, District Attorney, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury upon an information charging a violation of section 702 of the Welfare and Institutions Code, and upon two counts of a grand jury indictment, one charging a violation of section 288a of the Penal Code, the other charging an attempt to commit sodomy. The indictment also charged two prior convictions and the service of sentence under each. The jury found the defendant guilty on all three counts. After the record was filed and prior to the submission the defendant voluntarily dismissed his appeal from the portion of the judgment based upon section 702 of the Welfare and Institutions Code and is serving sentence upon that charge. His briefs which were filed before such dismissal contain matters addressed to that count commingled with arguments on the remaining counts. It is difficult to treat these briefs of appellant logically because they do not comply with rule 15(a) of the Rules on Appeal.

It may be assumed from the lengthy recital of the testimony of the prosecutrix and the insinuations inserted therein that the appellant contends that the evidence was insufficient to support the verdict and that some members of the San Fran-

cisco Police Department were instrumental in procuring the prosecutrix to testify falsely in order to procure a conviction. It is unnecessary to recite the sordid testimony of the prosecutrix. It is sufficient to say that it was complete in every detail to support a conviction on all three counts. As to the activities of the police the appellant does not cite any material evidence in the record and we, of course, are not concerned with the conjectures or suspicions of counsel.

A brief statement of the facts will suffice. The prosecutrix was an unmarried woman of the age of nineteen years who for sometime prior to the acts complained of had been a prostitute. The defendant met her through a pimp who was known to both, took her to a room in the Manx Hotel, and there committed the act denounced by section 288a of the Penal Code, followed this with a separate act tending to produce delinquency, and then unsuccessfully attempted to commit sodomy.

As to the charge coming under section 288a of the Penal Code the prosecutrix was unquestionably an accomplice and, since her testimony of what occurred in that regard was not corroborated, the judgment on that count must be reversed. *People* v. *Robbins,* 171 Cal. 466 [154 P. 317] ; *People* v. *Reynolds,* 26 Cal.App.2d 219, 222 [79 P.2d 150], and cases there cited. The application of the rule of these cases is clear. By her own testimony the prosecutrix disclosed that she accompanied the appellant to the hotel room willingly and that they were both aware of her physical condition which would prevent natural intercourse. The only reasonable inference from her testimony is that she intended to commit the act charged and participated willingly in its commission.

The evidence relating to the second count of the indictment presents a different kind of case. Here the evidence showed that after the other acts were committed the appellant attempted an act of sodomy. The resistance of the prosecutrix and her prevention of the act removed her from the role of an accomplice and hence the cases cited do not apply.

Appellant's criticism of the instructions relating to an accomplice does not require extended comment. Its application to count one of the indictment is immaterial in view of the reversal of the judgment on that count. Its application to count two of the indictment was not prejudicial for the reasons above stated. Its application to count one of the

information is not debatable because of the dismissal of the appeal based on that count.

We are unable to find that the appellant was prejudiced by the remarks of the deputy district attorney which are assigned as misconduct. It is true that the statements complained of had no place in the presentation of this case to the jury. They consisted mainly of high praise of the ability and integrity of the trial judge and commendation of the long experience and unselfish devotion of the deputy district attorney to the public interest and the prevention of crime generally. These remarks may have influenced the votes of some of the jurors at the approaching general election, but could have had no influence upon their action in the jury room.

Finally, it is argued that the appellant has been placed in double jeopardy by reason of his conviction and sentence on the misdemeanor charge under section 702 of the Welfare and Institutions Code. *People* v. *Krupa,* 64 Cal.App.2d 592 [149 P.2d 416] is cited as the latest expression of authority on the subject. The argument of appellant seems to take two different lines, though this is not made clear in the briefs. First, that the conviction and sentence under 702 of the Welfare and Institutions Code placed him once in jeopardy and foreclosed prosecution on the two felony charges. Second, that, since the indictment in both counts charged that the acts were committed upon a minor of the age of nineteen the district attorney might have charged him under section 702 of the Welfare and Institutions Code, and since the acts charged in the indictment would also have been triable under 702, he was thus put in double jeopardy. Neither point carries any merit.

The acts charged in the two counts of the indictment are covered by sections 288a and 286 respectively of the Penal Code. The acts alleged and proved under section 702 of the Welfare and Institutions Code, and now admitted by the dismissal of the appeal, are not covered by any other penal statute. (Section 288 of the Penal Code relates to a minor under fourteen and does not apply here.) The conviction on this count was for a separate offense than those charged in the other two counts, and, though the acts were all committed on the same night and in the same room, they were not identical in time or circumstances and therefore were not the same offenses either in law or in fact. (*People* v. *Bevans,* 19 Cal.

App.2d 288 [65 P.2d 92].) Under these circumstances, we are of the opinion that the decision in *People* v. *Krupa, supra,* is not controlling here.

The decision in that case, as pointed out on page 599, was based upon the conclusion of the majority of the court that ''exactly the same facts were required to prove an offense under count one as to establish a crime under count two.'' Such is not the case here. While as above stated the three separate and distinct acts of appellant were closely related in point of time and were all committed on the same night and in the same room, they were not identical in point of time or circumstances and were therefore not the same offenses either in law or in fact. The decisions in *People* v. *Stangler,* 18 Cal. 2d 688 [117 P.2d 321] and *People* v. *Bevans, supra,* are more nearly in point and those decisions were distinguished in *People* v. *Krupa, supra,* at pages 602 and 603. ■ The rule stated in 15 American Jurisprudence, at page 65 relating to separate trials for distinct acts, would seem to have equal force here where appellant was prosecuted in one proceeding under separate counts for the several distinct acts. It is there said, ''A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently, a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed.'' Our review of the record indicates that it would have been possible to separate the evidence as to each of the separate and distinct acts of appellant and we find no support for appellant's position either in *People* v. *Krupa, supra,* or any other case which he has cited.

The second point is of less merit. It is that double jeopardy arises because the appellant might have been charged for the misdemeanor as well as for the felony. ■ The statutory bar against double jeopardy prohibits criminal proceedings against one who has once been placed in jeopardy for the same offense, or for an offense necessarily included therein. Such is not the case here. ■ The appellant has been tried and convicted but once. The fact that he may have been tried for the lesser offense of contributing to the delinquency of the minor but was not, does not place him in jeopardy more

than once. Thus it has been held that every battery, mayhem, rape and robbery includes the lesser offense of assault, and that murder includes manslaughter. But when a defendant is informed against and tried for the major offense the fact that he might have been tried for the lesser offense does not place him in double jeopardy. A charge of statutory rape upon a minor necessarily includes acts contributing to the delinquency of the minor under section 702, but the fact that the party might have been tried for a misdemeanor under 702 does not prevent his trial upon the felony charge under the Penal Code section. We find nothing in *People* v. *Krupa, supra,* which supports appellant's argument that the plea of double jeopardy is available under these circumstances. In that case there was but one transaction and a conviction for the lesser offense was held to bar a later conviction for the major offense. It was not because the indictment on the felony charge stated that the defendant employed a minor for the procurement of narcotics. It was because the defendant had been convicted on the misdemeanor charge of contributing to the minor's delinquency upon proof of the identical acts with which he was charged in the subsequent charge of felony. It is for these reasons that we stated heretofore that the point now raised by appellant is without merit and is not supported by the decision in the Krupa case.

The judgment based upon the first count of the indictment is reversed and the cause is remanded for a new trial on that count. The judgment based upon the second count of the indictment is affirmed.

Sturtevant, J., and Spence, J., concurred.

Petitions for a rehearing were denied January 4, 1945, and appellant's and respondent's petitions for a hearing by the Supreme Court were denied January 18, 1945.