[Crim. No. 4823. In Bank. Dec. 17, 1947.]

THE PEOPLE, Appellant, v. ROBERT V. McRAE, Respondent.

Fred N. Howser, Attorney General, Ruth Bernfeld and Clarence A. Linn, Deputy Attorneys General, for Appellant.

Peter Mannino and C. K. Curtright for Respondent.

TRAYNOR, J.—Respondent was charged in an information with violating section 288a of the Penal Code. The only evidence at the preliminary hearing was the testimony of the complaining witness. The magistrate held respondent to answer. The People appeal from an order of the superior court granting respondent's motion under section 995 of the Penal Code to set aside the information on the ground that he was committed without reasonable or probable cause.

Respondent contends that the complaining witness was an accomplice and that his testimony, which was uncorroborated, could not support a determination by the magistrate under section 872 of the Penal Code that there was sufficient cause to believe respondent guilty of the offense charged. Respondent relies on section 1111 of the Penal Code, which provides: "A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense. . . ." Appellant contends that the complaining witness was not an accomplice and that even if he was, his uncorroborated testimony could support the commitment, since section 1111 prohibits only a conviction based solely upon the uncorroborated testimony of an accomplice.

According to his testimony the complaining witness submitted to the act committed upon him without resisting or objecting to respondent's conduct. He was 15 years of age, and there is nothing in his testimony to indicate that

he lacked normal mentality. Since his testimony shows that he knew that the act was wrongful and that he willingly participated therein, it follows that he was an accomplice. (*People* v. *Robbins*, 171 Cal. 466, 472 [154 P. 317] ; *People* v. *Tenner*, 67 Cal.App.2d 360, 363 [154 P.2d 9] ; *People* v. *Reynolds*, 26 Cal.App.2d 219, 221 [79 P.2d 150] ; *People* v. *Casey*, 79 Cal.App. 295, 300 [249 P. 525] ; see *People* v. *McCollum*, 214 Cal. 601, 602 [7 P.2d 301].)

It was held in *In re Schwitalla*, 36 Cal.App. 511 [172 P. 617], that a magistrate can hold a defendant to answer upon the uncorroborated testimony of an accomplice. ''While a defendant cannot be convicted upon the uncorroborated testimony of an accomplice, the testimony of an accomplice is admissible, and is proper to be considered, and we think it sufficient to make it appear that there is a 'probability' that a defendant has been guilty of the offense charged against him.'' (36 Cal.App. 511, 512.) This case was followed by the Circuit Court of Appeals for the Ninth Circuit in *Curreri* v. *Vice*, 77 F.2d 130. A Minnesota statute that also required corroboration of the testimony of an accomplice to support a conviction was similarly construed in *State* v. *Jeffrey*, 211 Minn. 55 [300 N.W. 7].

Respondent contends that the Schwitalla case was erroneous and should be disapproved, on the ground that it construed section 1111 according to its literal terms without regard to its underlying policy that testimony of an accomplice must be regarded with distrust. He contends that this policy governs the testimony of an accomplice at a preliminary hearing as well as at a trial and that a commitment, like a conviction, cannot be based on the uncorroborated testimony of an accomplice. Since the testimony of an accomplice comes from an untrustworthy source and may be given in expectation of immunity, it must be received by a jury with caution and distrust. (Code Civ. Proc., § 2061 (4) ; *People* v. *Dail*, 22 Cal.2d 642, 653, 654 [140 P.2d 828], and cases there cited.) ■ A committing magistrate should likewise receive the testimony of an accomplice with caution and distrust. A committing magistrate may nevertheless believe the testimony of an accomplice and conclude that there is probable cause to believe defendant guilty of a public offense to which he should be held to answer.

■ Section 1111 supplements the policy that testimony of an accomplice shall be regarded with distrust by barring

a conviction of a defendant based solely upon the uncorroborated testimony of an accomplice, even though such testimony may convince the jury beyond a reasonable doubt. "The requirement of section 1111 of the Penal Code is in addition to the requirement of the doctrine of reasonable doubt; it in effect says that even though the jury are convinced to a moral certainty that the defendant is guilty, yet they must acquit him if the testimony of the accomplice is not corroborated by other evidence, which connects him or tends to connect him with the offense charged." (*People* v. *Dillon*, 68 Cal.App. 457, 477 [229 P. 974]; see *People* v. *Clough*, 73 Cal. 348, 353 [15 P. 5]; *People* v. *Negra*, 208 Cal. 64 [280 P. 354]; 8 Cal.Jur. 173; 2 Wharton, Criminal Evidence, 11th ed. 1225.) Thus, by prohibiting a conviction based solely upon the uncorroborated testimony of an accomplice, section 1111 precludes a result that might otherwise follow from such testimony. It is explicit and complete in defining the result that it precludes. In restricting its prohibition to a conviction, section 1111 is in harmony with the principle that less evidence is required to support a determination of probable cause for a commitment than a determination of guilt for a conviction. ■ It is settled that in determining that there is probable cause to hold a defendant, a magistrate is not bound by the rule that there must be no reasonable doubt as to the guilt of a defendant, and that he may commit a defendant, even though there may be doubt as to his guilt. (*People* v. *Nagle*, 25 Cal.2d 216, 222 [153 P.2d 344]; *People* v. *Tallman*, 27 Cal.2d 209, 212 [163 P.2d 857]; *People* v. *Mitchell*, 27 Cal.2d 678, 681 [166 P.2d 10].)

The order appealed from is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

SCHAUER, J.—I dissent. As held in the majority opinion, the complaining witness is an accomplice; also, as stated in the majority opinion, the only evidence received at the preliminary hearing was the testimony of the accomplice. Such testimony, uncorroborated, was wholly incompetent for the proof of any fact (Pen. Code, § 1111; 22 C.J.S. 1418, § 813b; *State* v. *Smith* (1903), 138 Ala. 111 [35 So. 42, 100 Am.St.Rep. 26]); standing uncorroborated the status of the

case as to proof of guilt, probable cause, or any other fact is exactly the same as though no evidence whatsoever had been adduced.

The majority opinion errs, therefore, in applying the preliminary hearing rule as to quantum or persuasiveness of proof to a situation where there is *no* proof. I have no quarrel with the rule itself, which is that in a preliminary examination proceeding it is not necessary that a defendant be proved guilty beyond a reasonable doubt; that it is sufficient to warrant binding him over for trial if upon the proof it is reasonable to believe that the defendant is guilty of the offense charged (*People* v. *Mitchell* (1946), 27 Cal.2d 678, 681 [166 P.2d 10], and cases there cited). Under this rule, even though the committing magistrate may view the testimony of an accomplice with caution, suspicion and doubt, he may legally, if the accomplice's testimony is corroborated, hold the defendant to answer. But if the testimony of the accomplice is left wholly uncorroborated and there is no other evidence of, guilt then there is no competent evidence at all upon which the order of commitment can be based.

The majority opinion cites and relies upon *In re Schwitalla* (1918), 36 Cal.App. 511, 512 [172 P. 617], wherein it is said that "While a defendant cannot be convicted upon the uncorroborated testimony of an accomplice, the testimony of an accomplice is admissible, and is proper to be considered, and we think is sufficient to make it appear that there is a 'probability' that a defendant has been guilty of the offense charged against him." In my estimation, the quoted statement is wholly erroneous and should be disapproved. Both the Schwitalla opinion and the majority opinion here err in failing to recognize that in dealing with accomplices' testimonies courts may be confronted with either of two materially different situations. One of those situations involves testimony which is competent and admissible but the weight of which is impaired; the other situation relates to testimony as to the weight of which there can be no question because it is wholly incompetent and cannot be considered at all.

Thus, as to the first type of situation, where a witness is shown to be an accomplice but his testimony is corroborated, his testimony is competent and admissible but the weight of it is impaired by the fact that he is an accomplice. The fact that he is an accomplice in itself impeaches him as a witness but when corroborated his testimony becomes com-

petent and may be given whatever relative weight the trier of fact determines. But as to the second class of situation, where an admitted accomplice is permitted to testify and his testimony is left wholly uncorroborated, there can be no question as to the *weight* to be accorded his testimony; it is entitled to no weight whatsoever; it should be stricken from the record; it is wholly incompetent for the proof of any fact in a criminal case. "Where the statutes forbid a conviction on the uncorroborated testimony of an accomplice, it is held to be the duty of the court to direct an acquittal where there is no corroboration within the requirements of the statute, and even though corroboration is not required by statute, it is held to be within the discretion of the trial court to direct an acquittal where the evidence consists solely of the uncorroborated testimony of an accomplice." (22 C.J.S. 1418, § 813b.)

There is no satisfactory basis for holding that evidence which, in the accumulated wisdom of the law, is wholly incompetent to prove any fact in the superior court, or to be considered at all therein, shall be received and accepted as the sole and complete proof of every essential fact in the committing court. Again, I emphasize, we have here no question as to quantum or degree of proof; we have a total absence of any proof. The exact point now before us was before the Supreme Court of Alabama in *State* v. *Smith* (1903), *supra,* 138 Ala. 111 [35 So. 42, 100 Am.St.Rep. 26] ; the statute of Alabama is substantially the same as ours. That court said, "The above conclusion leaves but one question in the case. That is whether the uncorroborated testimony of an accomplice may be sufficient to show probable cause to believe that a felony has been committed, and that the party under inquiry is guilty thereof. . . . It is to be noted that this statute in terms operates only to prevent convictions of felony on the testimony of an accomplice. It does not in terms apply to preliminary examinations, nor to trials on habeas corpus, nor to the exclusion of a finding of probable cause for believing that an offense has been committed, and that the accused is guilty thereof, on such examination or trial. Yet, in our opinion, its effect is to stamp a policy upon the administration of the law in this connection which cannot be carried out unless it be given operation upon cases where the inquiry is probable cause vel non, as well as where the inquiry is as to absolute guilt. The statute infects the

testimony of accomplices with such absolute infirmity as that not only may the citizen be not convicted upon it, but as also that he should not be deprived of his liberty in anticipation of a final trial upon it. A consideration of practicabilities in the administration of the criminal law, so to speak, would seem to enforce the same conclusion. Why should the citizen be held to the trial jury, or indicted by the grand jury, on testimony upon which no petit jury could possibly convict him? What good end could be served by such a proceeding? Can there be said to be even probable cause shown in any case by testimony which the law expressly and positively declares to be insufficient to support a conviction? We think not. . . . To hold him would be a vain and useless thing, involving his incarceration not as a punishment for crime and not really to the end that he should be tried for a crime charged of his probable guilt of which there is evidence to prove, but at the best upon a mere speculation that evidence may be found to corroborate that of the accomplice. The evidence before the probate judge in this case tending to show the guilt of the petitioner was that of the accomplice alone and uncorroborated. The judge correctly discharged the petitioner, and his order to that effect is affirmed." (See, also, *In re Mitchell* (1905), 1 Cal.App. 396, 401 [82 P. 374]; *Ex parte Oxley* (1915), 38 Nev. 379 [149 P. 992, 994].)

As in *State* v. *Smith, supra,* the order of the trial court should be affirmed.

Carter, J., concurred.

Respondent's petition for a rehearing was denied January 15, 1948. Carter, J., and Schauer, J., voted for a rehearing.