[Crim. No. 2082. Second Appellate District, Division Two.—July 29, 1931.]

THE PEOPLE, Respondent, v. ROY JOHNSON, Appellant.

R. C. Hunting for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—Defendant was accused by information of the crimes of rape and incest. The first four counts charged him with rape committed upon the person of a daughter then sixteen years of age, and counts 9 to 12, inclusive, charged the same acts as incest. Counts 5 to 8 charged defendant with rape committed upon the person of another daughter, of the age of fourteen years, all of said acts having occurred on and between September 1, 1928, and August 14, 1929. The jury returned verdicts of guilty on each of the sixteen counts on February 13, 1931, and defendant having also entered a plea

of "not guilty by reason of insanity", was by stipulation tried as to such plea on February 16th before the same jury, a verdict finding him sane at the time of the commission of the offenses charged being returned on such plea. Prior to pronouncing judgment the court on motion of defendant vacated and set aside the verdicts as to counts 1 to 8 inclusive, charging rape. From the judgments of conviction on the verdicts on the remaining eight counts, charging incest; and from the orders of the court denying his motion for new trial and his application for probation, defendant has appealed.

Appellant contends: (1) That the evidence is insufficient to sustain the verdicts and judgments, and (2) that the verdict of the jury as to the sanity of defendant lacks support of evidence.

(1) Outside of arguing that the testimony of each complaining witness is so inherently improbable as to be unworthy of belief, appellant does not question the fact that if worthy of belief such testimony amply supports the verdicts and judgments. ▮ He does, however, contend that both were accomplices, and that there is no sufficient corroboration of their testimony under section 1111 of the Penal Code. The testimony that they were sixteen and fourteen years of age stands undisputed. Said section defines an accomplice as "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given". The complaining witnesses both being under the age of eighteen years, it would be the duty of any magistrate in whose court a complaint was filed on the same charges as contained in the information here, upon ascertaining that fact, to immediately suspend all proceedings and forthwith certify the cases to the juvenile court of the county, where the same charge could not possibly be brought and prosecuted, and no other court could legally proceed on the original charges unless the persons charged had been remanded by order of the juvenile court for prosecution therein, either as being over the age of eighteen years or as being unfit subjects for consideration of the juvenile court. (Secs. 4c, 5 and 6, and 1, 2 and 3 of the Juvenile Court Law.) In view of the positive mandate of section 5 above cited, and in the absence of any

proof in the record before us that the juvenile court has refused to take jurisdiction of such cases, we fail to see how it can be said that either complaining witness is liable to prosecution for the offenses charged against appellant. In consequence they could not be accomplices, and no corroboration of their testimony is necessary. Both girls told a straightforward story, which must have carried conviction to the jury hearing them, and the jurors were the sole judges of the weight of the evidence and the credibility of the witnesses. ▪ As the evidence of the complaining witnesses seems to us to be "legally sufficient to prove the guilt of the defendant, we may not examine with minuteness claims that witnesses are discredited, or that their testimony is unworthy of belief". (*People* v. *Durrant,* 116 Cal. 179, 200 [48 Pac. 75, 79].) ▪ Nor do we find any error in the instructions complained of which related to the necessity of corroboration and the fact that the girls could not give legal consent to the acts charged.

▪ (2) "In this state, in order that insanity may be available as a defense to a crime charged, it must appear that the defendant when the act was committed was so deranged and diseased mentally that he was not conscious of the wrongful nature of the act committed." (*People* v. *Troche,* 206 Cal. 35, 46 [273 Pac. 767, 772].) ▪ The evidence on this question consisted of the testimony of lay witnesses, friends and relatives of defendant, and of experts, some of the latter who had examined appellant at the time of his incarceration in the state hospital, which occurred in the fall of 1929, and during the period of his stay there. An examination of such evidence shows that on the point as to whether or not he was conscious of the wrongful nature of the act committed the evidence is not seriously conflicting, and, of course, the verdict of the jury is conclusive on the question (*People* v. *Troche, supra*), notwithstanding the fact that the evidence does show that appellant's mental balance was somewhat disturbed by overindulgence in alcoholic liquors. It is also to be noted that the testimony of the lay witnesses was largely in support of this last condition, none of them, or in fact any of the witnesses, so far as we have found, testifying that in their opinion the defendant did not

understand the wrongful nature of the acts committed; and the fact that after the girls were taken to juvenile hall and the officers came to arrest him, he excused himself and disappeared and was not apprehended for several days, and then some three miles from his home, indicates rather persuasively that he did so understand.

It is urged that the instructions given were conflicting and erroneous. While the evidence to a certain extent is conflicting, as we have said, we do not see how the jurors could have reached any other conclusion than they did, as the conflict seems not to be on the real point at issue; and even if the instructions were erroneous, which we do not find them to be, we do not see how appellant was prejudiced.

Appellant also urges the unconstitutionality of section 1027 of the Penal Code. We have had occasion to consider this question before and determined it adversely to such contention in the case of *People* v. *Strong*, 114 Cal. App. 522 [300 Pac. 84], notwithstanding the direct conflict with the case of *People* v. *Dickerson*, 164 Mich. 148 [Ann. Cas. 1912B, 688, 33 L. R. A. (N. S.) 917, 129 N. W. 199], cited and quoted from by appellant. At the time appellant's brief herein was written petition had been made to the Supreme Court for a hearing before it after the decision above referred to, but such petition was thereafter denied.

Judgments and orders affirmed.

Works, P. J., and Craig, J., concurred.