[Crim. No. 171. Fourth Appellate District.—August 17, 1934.]

THE PEOPLE, Respondent, v. G. M. YOUNG, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

GRIFFIN, J., *pro tem.*—Defendant was charged, by an information filed by the district attorney, with the crime of issuing a check on a bank without sufficient funds to meet same, and with two prior convictions of felony. A plea of not guilty by reason of insanity was entered as to the first charge. Defendant denied the first of the two prior convictions charged but admitted the second.

Three physicians were appointed by the court to examine the defendant as to his sanity. A trial by jury was had and a verdict was returned finding the defendant sane at the time of the commission of the offense charged.

The first accusation of a prior conviction of felony was dismissed and the court rendered judgment from which the defendant appeals.

Defendant urges two grounds for reversal of the judgment. First, that the evidence is not sufficient to sustain the finding of the jury that he was sane at the time of the commission of the offense, and, second, that the court erred to the prejudice of the defendant in its instructions.

In considering the first point raised, and reviewing the evidence in its entirety, we find that the testimony of all three of the physicians who were appointed by the court to examine the defendant, was to the general effect that he was sane at the time he committed the offense. Testimony of other witnesses who observed his actions prior to and after the commission of the acts charged tended to conflict with the testimony of the medical examiners. This created a conflict which the jury resolved against the defendant. When sufficient evidence is before the jury to support its finding, such finding will not be disturbed on appeal. (*People* v. *Johnson,* 115 Cal. App. 704 [2 Pac. (2d) 216].)

Defendant complains of the following instruction given by the trial court: "You are instructed that the defense of insanity is one which may be, and sometimes is, resorted to in cases in which the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless. While, therefore, this is a defense to be weighed fully, fairly and justly, and, when satisfactorily established must commend itself to the sense of humanity and justice of the jury, they must examine it with care lest an ingenious counterfeit of this mental infirmity shall furnish immunity to guilt."

The foregoing instruction was given and approved in *People* v. *Pico,* 62 Cal. 50. We find the giving of this instruction was not erroneous although it is probably the more generous rule to avoid cautioning the jury as to any particular legal defense especially where the evidence supporting it is reasonable.

The judgment of the trial court should be, and is, affirmed.

Marks, Acting P. J., and Jennings, J., concurred.