Ex parte José Vega, conocido por José Valdés, peticionario y apelante, y Amado Capifali, Alcaide de la Cárcel de Distrito de Ponce, opositor y apelado.

No. 5185.—*Sometido:* Abril 4, 1934. *Resuelto:* Abril 10, 1934.

*F. Colón Díaz* y *J. Ortiz Lecodet,* abogados del peticionario apelante; *R. A. Gómez, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José Vega fué acusado de asesinato y se le arrestó. Presentó ante la Corte de Distrito de Ponce una solicitud de hábeas corpus, alegando (*a*) que no había cometido delito público alguno; (*b*) que el fiscal no tenía suficiente prueba para justificar la prisión; y (*c*) que la cuantía de la fianza exigida era excesiva.

La corte de distrito rebajó la cuantía de la fianza y negó el recurso de hábeas corpus en cuanto a los otros dos motivos.

Estamos muy de acuerdo con el fiscal de este tribunal en que al presentarse una petición por falta de causa probable, el ministerio público no tiene necesidad de establecer un caso completo para una convicción, sino solamente que hay una probabilidad, o una probabilidad razonable, de que el caso puede ser sometido al jurado para su veredicto.

Penetrando en los méritos, convenimos con la opinión de la corte inferior, que lee como sigue:

"De las declaraciones presentadas por el fiscal en este caso en la vista de este hábeas corpus, o sean las declaraciones prestadas por varios testigos ante el fiscal y ante el Juez de Paz de Guánica en la investigación preliminar del caso por la muerte de José González, se tiende a demostrar por estas declaraciones, primero: que entre el interfecto José González y el aquí detenido José Vega o José Valdés, había ocurrido un disgusto con motivo de la desaparición de un racimo de guineos de José Vega o Valdés, en que éste acusaba, o decía que José González u otras personas le habían cogido ese racimo de guineos; con motivo de esto hubo disgustos entre ellos, que culminaron en una denuncia formulada por José Vega contra José González y en otra denuncia formulada por José González contra José Vega; que dos días antes de verse el juicio relacionado con esas denuncias en la Corte Municipal de Yauco, apareció el cadáver de José González en una zanja o canal; que la noche antes de aparecer ese cadáver, hay testigos que declaran que vieron pasar a José Vega, el detenido,

con dirección h'acia donde estaba José González, parado cerca de un alambre al lado de ese canal, y lo vieron volver de ese sitio; que el propio José Vega informó a uno de los testigos, a la testigo Rafaela Vázquez, que había ido a bañarse allí al canal y al efecto le mostró algo en la mano que dijo que era un pedazo de jabón o un jabón, y que no se había bañado porque vió a José González allí—que esto lo manifestó el propio José Vega a esta testigo la mañana siguiente de aparecer el cadáver. Tal prueba tiende a demostrar que José González y José Vega estaban enemistados y no se saludaban. Hay la prueba de otro testigo, de que al borde del canal de donde sacaron el cadáver de José González, apareció o encontraron un jabón blanco usado, que dejaron allí hasta que fueran las autoridades; y, además, hay la declaración o certificación jurada del doctor Dunscombe en cuanto el resultado de la autopsia que hizo de José González, en que describe que encontró que tenía una contusión en la barbilla y varias heridas en los labios y manchas de sangre en la camisa y que diagnosticó como causa de la muerte, un probable síncope, caída en el agua y muerte por inmersión, asfixia por caída en el agua; y hay otra declaración del doctor Dunscómbe contestando preguntas hipotéticas basadas en lo que encontró en el cadáver de José González, en el sentido de que las heridas y las contusiones pudieran ser producidas por un golpe· con una manopla, con un pedazo de madera o piedra o con el puño, y que tal golpe pudo producir la inconsciencia y que pudo poner el cuerpo en el canal y que también pudo producirse un síncope—mejor dicho, un golpe—al tenerse un síncope, con la muralla y caída al agua y ser arrastrado por el plano inclinado que tenía el canal.

"Desde luego, que toda esta prueba es circunstancial; pero la corte es de opinión que en cuanto a si toda esa prueba circunstancial es compatible con la culpabilidad del acusado o si puede ser compatible con cualquiera teoría de inculpabilidad, es ésa una cuestión de apreciación de dicha prueba en su fondo por el pequeño jurado. Entiende la corte que toda esta prueba tomada en conjunto demuestra un disgusto entre estas dos personas—el hecho del peticionario haberse visto ir y venir de donde apareció el cadáver, manifestaciones del propio peticionario de haberse ido a bañar y encontrar un pedazo de jabón y más tarde encontrarse junto al sitio donde apareció el cadáver un pedazo de jabón—toda esta prueba cree la corte que constituye causa probable suficiente para que el fiscal haya ordenado el arresto del acusado, y no procede la petición de hábeas corpus en este caso por el primero de los fundamentos alegados en la petición."

*Debe confirmarse la sentencia apelada.*