Ex Parte Bolívar Pagán, a nombre de Mario Márquez, peticionario y apelante, y El Pueblo de Puerto Rico, opositor y apelado.

No. 5497.—*Sometido:* Junio 6, 1934. *Resuelto:* Junio 13, 1934.

*Bolívar Pagán,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación se interpuso contra resolución que en un procedimiento de hábeas corpus negó la excarcelación de Mario Márquez, cuya prisión se decretó por imputársele que pegó fuego a una casa asegurada en $2,000 con la intención de defraudar a la compañía aseguradora.

El fundamento para que sea excarcelado es que no existe causa probable para su detención.

De la prueba que el fiscal presentó para oponerse a esa solicitud aparece que la madre de Mario Márquez compró a fines de diciembre de 1933 una casa de maderas en Caguas que estaba deshabitada y que así continuó hasta que la destruyó un incendio en la madrugada del 9 de enero de 1934 a la 1:45; que esa casa estaba asegurada contra incendio por la cantidad de $2,000; que esa madrugada como a la 1:30 un testigo vió entrar a Mario Márquez con otra persona en

dicha casa y como a los diez minutos lo vió salir solo, comenzando el incendio poco después. Según otra declaración Mario Márquez dijo a una persona que sufrió quemaduras al tratar de apagar el fuego que la culpa del daño sufrido por esa persona la tenía otra a quien él pagó para que quemara la casa, por no haber cumplido la orden que le dió de poner un candado en la puerta y haberla dejado abierta.

El apelante admite que la casa quemada estaba asegurada y dice que en la hipótesis de que él haya pegado fuego a la casa, esto lo hizo con el propósito de defraudar al asegurador, pero que de la evidencia no aparece que él haya cometido el acto de pegar fuego. A esto queda reducida la cuestión a resolver.

■ Las manifestaciones de un acusado hechas antes o después de la comisión del delito, aunque no equivalen a una confesión de la cual en conexión con otra evidencia y circunstancias concurrentes pueda sacarse una inferencia de culpabilidad, son admisibles contra él como admisiones. 16 C. J. 626; *El Pueblo* v. *Flores,* 17 D.P.R. 178. Las admisiones extrajudiciales deben ser recibidas y consideradas con cautela y aunque no son suficientes por sí mismas para una condena, es una circunstancia para ser considerada en relación con otros hechos al resolver sobre la culpabilidad del acusado. 16 C. J. 628. En consecuencia, las admisiones que hizo el acusado pueden ser tenidas en cuenta en relación con las otras declaraciones que fueron presentadas por el fiscal. Esta corte no dijo en el caso *Ex parte Colón,* 11 D.P.R. 429, citado por el apelante, que la evidencia de admisión extrajudicial no sea admisible, pues lo que dijo fué que independientemente de ella había prueba contra aquel acusado. Lo mismo se dijo en el caso *Ex parte Baker,* 86 Cal. 402.

■ Tomando, pues, en consideración toda la evidencia del fiscal, hay que llegar a la conclusión de que existe prima facie causa probable de que el acusado pegó fuego a la casa y por tanto para la prisión de Mario Márquez. Pero aun prescindiendo de las manifestaciones extrajudiciales que él hizo,

las otras declaraciones son suficientes a nuestro juicio para no decretar su excarcelación por falta de causa probable para estar detenido por la comisión del delito, pues el hecho de haber entrado él con otra persona a altas horas de la noche en una casa que estaba deshabitada y salir de ella al poco rato, momentos antes de ocurrir el incendio de la casa, nos parece que es indicio de su culpabilidad, teniendo en cuenta que en este procedimiento de hábeas corpus no puede resolverse si tal indicio es suficiente para declararlo culpable del incendio sino solamente que es bastante para que exista causa probable para su detención. Al tribunal que lo juzgue corresponderá determinar si ese solo indicio, a falta de más prueba, es bastante para condenarlo.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.