Ex Parte Candita Collazo, peticionaria.

Núm. 108.—*Sometido:* Julio 23, 1937. *Resuelto:* Julio 28, 1937.

*Víctor Gutiérrez Franqui, E. Ramos Antonini, M. Bahamonde, Felipe Colón Díaz y E. Huertas Zayas,* abogados de la peticionaria; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El día 10 de julio de 1937 Antonio Buscaglia, Guillermo Hernández, Ramón Morales y Virgilio Torres fueron arrestados por orden del Fiscal Auxiliar del Distrito Judicial de Ponce, bajo acusación de haber cometido un delito de Atentado a la Vida. La peticionaria en el presente recurso de hábeas corpus, esposa del acusado Virgilio Torres, fué arrestada en la misma fecha y recluída en la Cárcel de Distrito de Ponce en virtud de un auto de prisión expedido por el mismo fiscal, para responder de un alegado delito de infracción al artículo 37 del Código Penal, consistente en haber actuado como cómplice en el mismo delito de atentado a la vida que se le imputa a su esposo y a los otros tres coacusados. El fiscal fijó en $25,000 el importe de la fianza que debería prestar la acusada Candita Collazo para su libertad provisional, siendo ésa la misma cantidad fijada para cada uno de los acusados como principales en el mismo delito.

En 10 de julio de 1937 la aquí peticionaria radicó ante la Corte de Distrito de Ponce una petición de hábeas corpus en la que alegó que ella no había cometido delito alguno; que el fiscal carecía de pruebas contra ella en relación con el delito que se le imputa; y que la fianza era excesiva, "habida cuenta de la naturaleza del delito y las condiciones sociales, económicas, rango, probabilidades de culpabilidad y sexo de la peticionaria." El 15 del mismo mes la corte de distrito dictó su resolución desestimando el recurso, y al día siguiente la peticionaria apeló para ante esta Corte Suprema.

Y habiendo solicitado que se le fijara fianza para su libertad provisional mientras se tramita la apelación, la corte inferior la fijó en la suma de $25,000.

En la petición ante nos se alega que la peticionaria no ha prestado ni ha podido prestar la fianza que le ha sido impuesta; que la prisión de la peticionaria es ilegal porque la fianza de $25,000 que se le exige es excesiva, habida cuenta del delito que se le imputa, sus escasos recursos económicos, su imposibilidad de rehuir la comparecencia a juicio, su condición de mujer y el hecho de que su esposo, que es la única persona que podría gestionarle una fianza, se encuentra también preso bajo fianza por igual suma, la que tampoco ha podido prestar; y que la fijación de una fianza tan excesiva para la apelación, equivale a negarle a la peticionaria el derecho a su libertad provisional que le reconoce la ley.

Aún cuando la peticionaria no lo solicita así en la súplica de su petición, debemos presumir que el objeto de la misma es obtener de esta Corte Suprema una reducción de la fianza que deberá prestar la peticionaria para poder quedar en libertad mientras se tramita la apelación interpuesta contra la resolución denegatoria del auto de hábeas corpus.

██ En el acto de la vista celebrada ante esta Corte Suprema el día 20 de julio de 1937, la peticionaria ofreció prueba documental y testifical para establecer: (a) que la situación económica de la peticionaria no le permite ni a ella ni a su esposo consignar una fianza de tan alta cuantía como la que se le ha fijado; y (b) que a los acusados como principales o autores del delito de atentado a la vida se les ha fijado igual fianza que a la peticionaria, a quien se acusa tan sólo de complicidad.

La regla generalmente aceptada es la de que la fijación del importe de una fianza es una facultad discrecional de la corte que tiene jurisdicción sobre el delito que se imputa al acusado; y que la corte de apelaciones no intervendrá para revisar el ejercicio de esa discreción a menos que los autos sometidos a su consideración revelen un caso de claro y pa-

tente abuso de discreción. Véanse: *In Re Williams*, 82 Cal. 183; *In re Scott*, 56 N.W. 1009.

Tanto la corte inferior al fijar la fianza, como la corte de apelaciones al considerar la cuestión de si la fianza fijada es excesiva deben tener en cuenta: (*a*) la naturaleza y gravedad del delito que se imputa al acusado; (*b*) la capacidad económica del acusado para poder prestar la fianza exigídale; (*c*) las probabilidades de que el acusado sea convicto; y (*d*) la severidad de la pena que apareja el delito. Así lo reconoce la peticionaria tanto en su petición como en el alegato sometido por sus representantes legales. Véanse: 3 R.C.L. sec. 4, pág. 7; 53 A.L.R. 399; 6 American Jurisprudence, sec. 61, pág. 75; Black on Constitutional Law, 4a. edición, pág. 693.

En el caso de autos la peticionaria ha dirigido todos sus esfuerzos a convencernos de que los recursos económicos de ella y de su esposo son tan reducidos que a ninguno de los dos les es posible consignar una fianza de $25,000. La prueba en cuanto a ese extremo es completa y convincente, pero no es por sí sola suficiente para obligarnos a intervenir con la discreción judicial de la Corte de Distrito de Ponce, revisando su decisión y reduciendo la fianza por ella fijada. De la obra "American Jurisprudence," volumen 6, sec. 61, pág. 75, copiamos lo que sigue:

"CAPACIDAD FINANCIERA DEL ACUSADO. En un caso claramente admisible a fianza por la ley, el requerir una fianza mayor que la que el preso puede prestar, es, en efecto, una negativa de fianza, y una violación del precepto constitucional contra fianzas excesivas. Sin embargo, una fianza que no parece excesiva si se mide por la naturaleza del delito, no se convierte en excesiva por la mera incapacidad del acusado para conseguir fianza por la cantidad exigida. Indudablemente, el alcance de la capacidad pecuniaria del acusado para dar la fianza es una circunstancia entre otras que debe ser considerada para fijar la cantidad que ha de requerirse, pero no es la que impera; de lo contrario, el hecho de que el acusado no tenía bienes propios ni amigos que pudieran o quisieran fiarle, aun por la suma más pequeña, constituiría un caso de fianza excesiva y daría

derecho al acusado a ser puesto en libertad bajo su propia respon-sabilidad. . . . Precisamente dónde deba tirarse la línea entre la fianza razonable bajo todas las circunstancias del caso y la fianza alta fuera de razón, parece ser un asunto que depende de la discreción de la Corte, para ser decidido por ésta a la luz de los hechos y circunstancias del caso individual.''

Véanse: 6 C.J., secs. 222, 223; *Ex parte Duncan*, 53 Cal. 410 y 54 Cal. 75.

En ausencia de prueba en contrario debemos presumir que la corte de distrito cumplió con el deber de considerar y pesar todas las circunstancias enumeradas por la peticionaria y entre ellas la naturaleza y la fuerza de la evidencia de que dispone el fiscal, las circunstancias bajo las cuales se cometió el delito, la gravedad de éste y las probabilidades de que la peticionaria sea convicta del delito que se le imputa. Sobre el peticionario en un recurso de hábeas corpus recae el peso de la prueba. Es a él a quien incumbe probar que las circunstancias bajo las cuales se cometió el delito y la poca importancia de éste no justifican la fijación de la fianza que él alega es excesiva, pues una mera diferencia de opinión entre esta Corte Suprema y la corte inferior no sería suficiente para justificar nuestra intervención.

En el caso de autos la peticionaria no nos ha colocado en condiciones de que podamos resolver, con conocimiento de los hechos y circunstancias del caso, si la corte inferior abusó o no de su discreción al fijar la fianza en $25,000. Se ha limitado a informarnos de que cuatro individuos, uno de ellos su esposo, han sido encarcelados para responder de una acusación de atentado contra la vida y que a ella se le acusa de complicidad en ese mismo delito. A pesar de haberse celebrado ante la corte inferior la vista de un recurso de hábeas corpus, en la que el fiscal hubo de presentar pruebas suficientes para justificar la detención de la peticionaria y sostener como razonable la fianza fijada por él para la libertad provisional de la acusada, y de haberse dictado una resolución sosteniendo la suficiencia de la evidencia y la validez de la fianza

fijada por el fiscal, la peticionaria se ha abstenido de traer a los autos de este caso todos esos factores que a nuestro juicio son absolutamente necesarios para que podamos resolver si la corte de distrito se excedió en la fijación de la fianza.

El hecho de que la peticionaria no tenga recursos suficientes para prestar la fianza que se le exige no es por sí solo bastante para que intervengamos reduciendo la fianza. Pudiera suceder que la gravedad del delito y las circunstancias que concurrieron a su comisión fueran de tal naturaleza que si las conociéramos tuviésemos que llegar a la conclusión de que la fianza que se ha fijado no es excesiva.

Alega la peticionaria que las probabilidades de que ella pueda ser convicta de complicidad en el delito que se imputa a su esposo y a tres otras personas son poco menos que ninguna. Basa su argumentación en la alegación de que ella ha sido arrestada y acusada de complicidad por el solo hecho de haberse negado a declarar ante el fiscal en contra de su esposo. Y para sostener su aseveración la peticionaria declaró ante nos que ella fué citada para comparecer ante el fiscal como testigo; que el fiscal le pidió que declarara y ella se negó a declarar; y que después de ella haberse negado a declarar el fiscal expidió la orden de arresto.

Asumiendo que el arresto de la peticionaria se verificara bajo las circunstancias por ella relatadas, esos hechos no demuestran que la peticionaria haya 'sido procesada por el mero hecho de haberse negado a declarar contra su esposo. En la vista del recurso de hábeas corpus interpuesto por la peticionaria y apelado por ella para ante este tribunal, el fiscal seguramente sometió a la consideración de la corte de distrito toda o parte de la evidencia de que dispone para establecer la alegada complicidad de Candita Collazo. La transcripción de la evidencia sometida a la corte inferior y que ésta consideró suficiente para denegar el auto y para fijar la fianza que aquí se impugna por excesiva, pudo haber sido traída ante nos por la peticionaria para tratar de convencernos de la ilegalidad de su encarcelamiento. Debemos

presumir que esa prueba no fué sometida a nuestra consideración porque ella hubiera sido perjudicial a la peticionaria.

Es indudable que la peticionaria no puede ser obligada a declarar contra su esposo; y que su negativa a declarar cntra él o contra los coautores del delito imputado a su esposo, no la convierte a ella en cómplice del delito. Así lo sostiene la jurisprudencia citada en el alegato sometido por la peticionaria. Y si se hubiese probado ante este tribunal, lo que no se ha hecho, que la encarcelación de la peticionaria se basa exclusivamente en su negativa a declarar en contra de su esposo o de sus compañeros, nos hubiéramos visto obligados a decretar la excarcelación y la exoneración de la peticionaria.

El hecho de que una mujer sea casada con un acusado no es óbice para que se la pueda procesar como cómplice del delito imputado al esposo, por actos positivos realizados por ella después de la comisión del delito con el propósito de encubrirlo. Del alegato de la peticionaria copiamos lo que sigue:

"La mejor opinión es la de que en casos en que una mujer casada incita a su esposo a cometer un delito de *felony*, ella es principal; pero ella no puede ser tratada como cómplice por el hecho de recibir a su esposo, sabiendo que él ha cometido un delito grave, ni por recibir bienes hurtados por él, ni por ocultar el delito conjuntamente con su esposo. Según hemos visto, ella no será responsable de la mala conducta del esposo, por grave que sea, aun cuando ella tenga conocimiento de su mala conducta, si no se le impone a ella un deber, *y si ella es meramente pasiva.*" 1' Wharton 134. (Itálicas nuestras.)

Como se ve, la ley reconoce el derecho que tiene la esposa a no declarar contra su esposo, a no delatar a las autoridades el crimen que él haya podido cometer. Mientras ella permanece inactiva, pasiva, callando lo que sabe y que otra persona cualquiera estaría obligada a revelar, la ley la exime de responsabilidad como cómplice. Cuando ella sale de su pasividad para realizar actos positivos tendientes no sólo a

ocultar el delito sino a obstaculizar la acción de la justicia e impedir su descubrimiento y castigo, entonces ella se coloca por su propio acto fuera de la protección legal y se convierte en cómplice. No tenemos ante nos dato alguno sobre la participación que haya podido tener el esposo de la peticionaria en el delito que se persigue, ni sobre los actos de complicidad que se imputan a la peticionaria, ni sobre la gravedad del delito de que se trata. No estamos, por tanto, en condiciones de poder resolver si la corte inferior abusó o no de su discreción. Y si la peticionaria estuviese acusada como principal o coautora en el delito nos inclinaríamos a declarar sin lugar el recurso.

■ La peticionaria ha sido reducida a prisión como cómplice y se le ha fijado una fianza de $25,000, igual a la fijada a cada unos de los autores principales del delito de atentado a la vida. No creemos justificada la fijación al cómplice de una fianza igual a la que se ha impuesto a los autores del delito y opinamos que la fianza exigida a la peticionaria debe ser proporcionalmente reducida.

*Por las razones expuestas se declara con lugar el recurso y se reduce a $10,000 el importe de la fianza que deberá prestar la peticionaria para su libertad provisional mientras se tramita la apelación por ella interpuesta para ante este Tribunal Supremo contra la sentencia denegatoria del auto de hábeas corpus dictada por la Corte de Distrito de Ponce en julio 15, 1937, debiendo ser sometida la fianza a la aprobación de dicha corte de distrito.*

El Juez Asociado Señor Córdova Dávila no intervino.