ANTON WALDIN e IVEY McDOUGLE, peticionarios y apelantes, *v.* RAFAEL FELICIANO PACHECO, ALCAIDE DE LA CÁRCEL DE DISTRITO DE HUMACAO, P. R., demandado y apelado.

Núm. 8647.—*Sometido:* Mayo 24, 1943. *Resuelto:* Junio 8, 1943.

*Juan Nevares Santiago,* abogado de los apelantes.; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Se trata de un caso de hábeas corpus. Los apelantes en este recurso alegan que la Corte de Distrito de Humacao erró al dictar sentencia denegando su petición, 1, al resolver que la fianza de $10,000 exigida a cada uno de los peticionarios para poder permancer en libertad provisional no era excesiva; 2, al resolver que existe causa probable contra los peticionarios para justificar una acusación de asesinato, y 3, al resolver que los peticionarios no tenían derecho a estar representados por abogado durante la investigación preliminar practicada por el fiscal.

Del récord aparece que los peticionarios fueron arrestados el 25 de julio de 1942 por orden del Fiscal de Humacao, imputándoseles la comisión de un delito de asesi-

nato en primer grado, y que se les señaló una fianza de $10,000 para su libertad provisional; que el mismo día presentaron su petición original de hábeas corpus y la corte les fijó una fianza de $2000 a cada uno para poder permanecer en libertad provisional mientras se resolvía el caso. Esta fianza fué prestada inmediatamente por los peticionarios, así como una de $5000 cuando la corte la aumentó a esta suma.

La prueba presentada demostró que los peticionarios trabajaban en la base de Ensenada con la Arundel & Consolidated Construction Co., ganando un sueldo de $96 semanales, que aunque dijeron no tener amigos o relacionados en Puerto Rico consiguieron $2000 en efectivo cada uno para prestar la primera fianza y fiadores por $5000 para prestar la segunda y que en total no estuvieron detenidos más de dos horas después de haber sido arrestados.

En relación con la determinación de si la fianza exigida en un caso es excesiva, esta Corte, en el de *Ex parte Collazo,* 52 D.P.R. 109, 113, fijó los elementos que deben tomarse en consideración en esta forma:

" . . . (*a*) la naturaleza y gravedad del delito que se imputa al acusado; (*b*) la capacidad económica del acusado para poder prestar la fianza exigídale; (*c*) las probabilidades de que el acusado sea convicto; y (*d*) la severidad de la pena que apareja el delito. . . . "

Expresamente se resolvió en dicho caso que la prueba de no tener recursos suficientes para prestar la fianza exigida, por completa y convincente que sea, no es por sí sola suficiente para intervenir, por medio de hábeas corpus, con la discreción judicial y reducir la fianza fijada.

Los elementos (*a*) y (*d*) existen en el caso de autos en su grado máximo pues se imputa a los peticionarios un delito de asesinato en primer grado que conlleva la pena de reclusión perpetua. En cuanto al (*c*) o sea las probabilidades de que los peticionarios sean convictos está íntimamente relacionado con el segundo motivo del recurso en cuanto a si existe causa probable para el arresto. Para sostener la

afirmativa el fiscal presentó la declaración del médico que practicó la autopsia del interfecto Inés Cruz acreditativa de que éste falleció a consecuencia de una herida, mortal por necesidad, producida por un arma blanca que atravesó la base del pulmón produciendo una hemorragia interna. Se admitió además la declaración jurada prestada por Santos Cuadrado ante el Juez de Paz de Ceiba que, en lo pertinente, dice así:

"... que el día 24 de julio, 1942, como a las 7:30 p. m. me hallaba en el cruce de la carretera Ensenada Honda, junto a Inés Cruz (a) Maneco, Pedro Agosto y otras personas más que no conozco; que estando allí a la hora indicada, pasó un americano que la gente apoda como 'Feo'; que entonces un muchacho que allí estaba y que no conozco le dijo 'Feo'; que entonces él viró para atrás y dijo *'You said me feo?'* y el muchacho le dijo 'no, yo no'; que el americano se fué y el títere volvió a repetirle 'Feo'; que entonces el americano dijo en español 'un momentito', y se fué y vino pronto junto a otro americano; que al llegar dichos americanos se encararon a Inés Cruz, y el americano que le dicen 'feo' le tiró el caballo encima a Inés; que entonces yo le dije en inglés que no era esa la persona que le había dicho 'feo'; que entonces el otro americano me dijo en inglés que por qué corría si no era él; que le dije entonces que él (Inés) corría no porque fuera él, sino porque le había tirado el caballo encima; que dicho 'feo' se quedó y otro americano se fué y regresó pronto junto a tres americanos más en un automóvil; que al llegar dicho americano Inés estaba dentro del cafetín y el americano lo llamó para afuera y yo le dije que no saliera e Inés no salió; que entonces al que dicen 'feo', entró al cafetín a sacarlo e Inés echó a correr; que al salir corriendo hacia afuera, hacia la carretera, el otro americano lo agarró, le dió con un foete y con una cuchilla lo hirió en el costillar izquierdo, mientras el 'feo' le daba con otro foete por detrás; que Inés cayó al suelo casi muerto y lo cargaron para el hospital en un automóvil muriendo en el camino, según supe; que el americano que lo mató puedo identificarlo porque aun cuando no le sé el nombre lo he visto muchas veces antes de hoy; que al ser requerido para que lo identifique, lo señaló y al preguntársele el nombre me dijo ser o llamarse Iv Lee McDougle; que el americano que le dicen 'feo', lo señalé y respondió al ser requerido para ello como Anton Henry Waldin, Jr.''

Por último el fiscal declaró que tenía en su poder cinco o seis declaraciones adicionales de otros testigos, al mismo efecto que la de Cuadrado y también una del acusado Ivrv McDougle, negando los hechos que se le imputan.

Repetidamente hemos resuelto que en un caso de hábeas corpus el fiscal sólo tiene que demostrar que ha obtenido un principio de prueba que justifique la detención del acusado como presunto responsable del delito que se le imputa. *Pueblo* v. *Pillot,* 19 D.P.R. 264; *Baigés* v. *Pueblo,* 26 D.P.R. 148; *Ex parte Pagán,* 46 D.P.R. 919; *Ex parte Anés Pillot,* 58 D.P.R. 948. La declaración jurada prestada por el testigo Cuadrado por sí sola establece el principio de prueba en contra de los apelantes en este caso, constitutivo de la causa probable para su detención por el delito de asesinato en primer grado. Si el jurado en su día diera crédito a dicha prueba no hay duda que existe el elemento (*c*) señalado en el caso de *Ex parte Collazo,* supra, en cuanto a las probabilidades de que los peticionarios apelantes puedan ser convictos.

En cuanto a la capacidad económica de los peticionarios para poder prestar la fianza exigida, somos de opinión que la corte inferior no erró, de acuerdo con los hechos probados, al resolver que están en condiciones de prestarla, especialmente si se toma en consideración la facilidad con que obtuvieron la de $5,000 exigida en este recurso. No se cometieron los dos primeros errores.

En relación con el tercero, por el que se alega que se privó a los peticionarios del derecho a estar representados por abogado durante el examen preliminar, los apelantes no han puesto a este Tribunal en condiciones de poder resolver la cuestión planteada.

Del examen detenido que hemos hecho del récord ante nos lo único que en él aparece en relación con el examen preliminar es lo siguiente: 1, la alegación de los peticionarios en su solicitud enmendada de que no se les nombró abogado

en dicho examen; 2, la declaración del Fiscal Camacho al efecto de que examinó ocho o diez testigos en Ceiba al investigar el caso y, 3, la resolución de la corte inferior desestimando la cuestión planteada bajo la autoridad del caso de *Pueblo* v. *Travieso,* 60 D.P.R. 530.

Los peticionarios no presentaron prueba de clase alguna para demostrar en qué forma se efectuó el examen preliminar por el fiscal; si los acusados estaban presentes y si en alguna forma se les hizo o no la advertencia de que tenían derecho a estar representados por abogado. Tampoco quedó suplida esta prueba por la declaración del fiscal pues, como hemos dicho, el referido funcionario se limitó a decir que le había tomado declaración a varios testigos que declararon en la misma forma que Cuadrado.

En el caso de *Pueblo* v. *Travieso,* supra, resolvimos, según aparece del sumario, que:

"La falta de jurisdicción de la corte sobre la persona del acusado, basada en que éste no tuvo asistencia de abogado desde su arresto y durante el examen preliminar de su causa, es cuestión que, de tenerse derecho al examen, no puede considerarse en apelación cuando de los autos no aparece la fecha del arresto y si hubo o no examen preliminar durante el cual fuera el acusado privado de su derecho a estar representado por letrado."

Igual situación existe en el caso de autos.

*Debe desestimarse el recurso y confirmarse la resolución apelada.*