LUCAS E. CASTRO, peticionario y apelante, *v.* BALBINO GONZÁLEZ, ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, demandado y apelado.

Núm. 10193.—*Sometido:* Febrero 7, 1950.  *Resuelto:* Febrero 14, 1950.

---

*Sergio G. Gelpí, B. Sánchez Castaño* y *Félix Ochoteco, Jr.,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La cuestión primordial a resolver en este recurso es si la declaración de un cómplice, sin otra prueba de corroboración, constituye causa probable para la detención de una persona a virtud de una orden de arresto librada por un fiscal.

Los hechos, sucintamente expuestos, son los siguientes:

El Fiscal del Tribunal de Distrito de San Juan expidió el 30 de diciembre de 1949 una orden de arresto contra Lucas E. Castro, imputándole haber cometido ocho delito de asesinato y dos de atentado a la vida y fijándole fianzas de $30,000 y $20,000 en cada caso de asesinato y atentado a la vida, respectivamente.(1)  No habiendo prestado dichas fianzas Castro fué encarcelado y, alegando que no existe causa probable para su detención, radicó petición de hábeas corpus en la corte inferior.

---

(1) Dicha orden dice así:

"EL PUEBLO DE PUERTO RICO, Al Alcaide de la Cárcel de San Juan, P. R.

"Habiéndose dictado por mí en esta fecha, una orden para que LUCAS E. CASTRO ANGUITA, sea detenido con el objeto de que responda a los cargos que se le hacen de 8 ASESINATOS EN PRIMER GRADO y 2 ATENTADOS A LA VIDA, consistentes en que obrando de común acuerdo en un plan preconcebido con Miguel Palóu Márquez y con Miguel Cirilo Batalla Suere, el día 15 de diciembre de 1949, y en San Juan, P. R. en forma ilegal, voluntaria y maliciosamente, con malicia premeditada, deliberación y propósito decidido y firme de matar, demostrando tener un corazón pervertido y maligno al realizarse dicho plan y en ocasión que cometió con los otros dos acusados, con su cooperación, ayuda, consejo, favor y coacción, un incendio malicioso en Primer Grado, dió muerte ilegal a los seres humanos Antonio Rosa Requena, Josefa Almodóvar Vázquez, Rosa

En la vista del caso el Fiscal, para justificar el arresto del peticionario, presentó la siguiente prueba:

"1. Escritura de Sociedad Mercantil otorgada el día 10 de junio de 1944 por don Lucas E. Castro Anguita y Miguel A. Palóu Márquez, ante el Notario Emilio Díaz Santana, en la que se contrata, entre ambos otorgantes, la constitución de una sociedad mercantil en comandita, siendo el comanditario el peticionario, Lucas E. Castro. y la cuantía de su comandita SEIS MIL DÓLARES ($6,000).

"2. Declaración jurada de Luis R. Díaz, fotógrafo de la Policía Insular, certificando haber tomado fotografías de ocho (8) cadáveres incinerados del edificio que se quemó en la Calle Allen 300, de San Juan, Puerto Rico, en cuya primera planta estaba localizado el negocio de Miguel A. Palóu y Compañía y en los pisos segundo y tercero residían familias a la fecha del siniestro, o sea, en la madrugada del día 15 de diciembre de 1949."

Del 3 al 10, inclusive, fotografías de ocho cadáveres incinerados.

"11. Declaraciones de Miguel A. Lebrón, Rafael Roberto Muñiz Ríos, Alejandro Sandín López, Eliezer Enrique Rivera Rodríguez, Domingo Rodríguez Almodóvar y José Antonio Franceschi Vargas, reconociendo todos y cada uno de los cadáveres mencionados en los *Exhibits* del tres (3) al diez (10)."

12 y 13. Certificaciones médicas sobre las heridas recibidas por América López de Rosa y Francisco Casanova.

14. Carta del Dr. Enrique Koppisch incluyendo certificaciones sobre las autopsias practicadas a los ocho cadáveres.

"15. Declaración jurada de doña América López viuda de Rosa prestada ante el Fiscal Ángel Viera Martínez el día 21 de diciembre de 1949 sobre el siniestro acaecido en la madrugada del día 15 de diciembre de 1949, y

"16. Declaración jurada de Miguel Cirilo Batalla y Suere en que confiesa ser el autor actual del incendio y describe el mismo."

---

Julia Maurent de Sandín, Adela Margarita Maurent Almodóvar, Francisco Rosa Sánchez, Noemí Franceschi Rivera, Jorge Sandín López y Betty Rosa o López; e intentó matar conjuntamente con los otros dos acusados, a los seres humanos América López de Rosa y Francisco Casanova Figueroa, sin lograr darles muerte a éstos, y le significo que le he señalado fianza de $30,000 en cada caso de Asesinato, y de $20,000, para cada caso de Atentado a la Vida, cuyas fianzas montan al total de $280,000 para poder permanecer en libertad provisional: debiendo usted recibirlo y retenerlo hasta tanto sea legalmente excarcelado

"Dado bajo mi firma, hoy 30 de diciembre de 1949.

"Fdo.—Angel Viera Martínez
Fiscal del Distrito"

El peticionario admite que la declaración de Batalla lo incrimina en la comisión de los delitos imputados.

·Con esta prueba la corte inferior desestimó la petición sosteniendo: (1) que para demostrar la causa probable para una detención basta la declaración de un cómplice que conecte a la persona encarcelada con la comisión del delito, y (2) que en el presente caso existe un principio de prueba de corroboración, a saber: ''la Escritura de Sociedad Mercantil otorgada el día 10 de junio de 1944 en que se demuestra el interés de Lucas E. Castro, el peticionario, en el negocio de tejidos de la firma Miguel A. Palóu y Compañía''. En relación con este segundo punto dijo, además, la corte: ''Este principio de prueba de corroboración entendemos que no cumple con el requisito de que, aparte de la declaración del cómplice, conecta al peticionario con la comisión del delito, pero sí es un indicio, que unido a la declaración del cómplice, demuestra que había causa probable para la detención del peticionario.''

El peticionario apeló y en este recurso imputa a la corte inferior la comisión de varios errores, pero dada la conclusión a que hemos llegado, creemos que la cuestión fundamental a resolver es la expuesta al comenzar esta opinión y a ella nos concretaremos.

Dispondremos en primer término del segundo punto expuesto por la corte inferior en cuanto al principio de prueba relacionado con la escritura de sociedad. Dicha escritura, que fué otorgada en el año 1944, o sea, cinco años antes del incendio ocurrido en la tienda de Palóu & Compañía, y en la cual aparece que el apelante es socio comanditario de Miguel A. Palóu & Compañía, Sociedad en Comandita, en forma alguna puede considerarse, por sí sola, como prueba de corroboración de la declaración del cómplice Batalla y tampoco como prueba de indicios, que unida a dicha declaración, tienda a demostrar que existe causa probable para la detención del apelante. El ser socio comanditario de una sociedad mercantil sólo prueba ese hecho. Empero, no podemos aceptar que ese hecho aislado sea un indicio de que dicho socio participó

en la comisión de un delito sin que exista otra prueba, independiente de la de un cómplice, que le conecte en alguna forma con la comisión del delito. La existencia o no de causa probable para la detención del apelante, por lo tanto, se justifica o no con la única prueba que le incrimine, es decir, la declaración del cómplice Batalla. ¿Es suficiente dicha declaración, por sí sola, para sostener que existe causa probable?(²)

El artículo 253 del Código de Enjuiciamiento Criminal dispone que:

"No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; no siendo suficiente dicha corroboración si sólo prueba la perpetración del ·delito o las circunstancias del mismo."

Admite el apelante (a) que el auto de hábeas corpus no puede invocarse para resolver sobre la inocencia o culpabilidad del detenido, *Pueblo* v. *Pillot,* 19 D.P.R. 264; *Baigés* v. *El Pueblo,* 26 D.P.R. 148, y (b) que el fiscal sólo tiene que demostrar que tiene en su poder un principio de prueba que justifique la encarcelación del acusado para que el recurso tenga que ser desestimado, *Waldin* v. *Feliciano, Alcaide de Cárcel,* 62 D.P.R. 212; *Ex parte Pillot,* 58 D.P.R. 948; *Ex parte Pagán,* 46 D.P.R. 919. Sostiene, sin embargo, que ese principio de prueba tiene que ser suficiente para justificar "que hay una probabilidad, o una probabilidad razonable, de que el caso puede ser sometido al jurado para su veredicto", según resolvimos en *Ex parte Vega,* 46 D.P.R. 491, 492.

Aun cuando la cuestión planteada en el caso de autos no ha sido expresamente discutida y analizada por este Tribunal, indirectamente hemos indicado cuál podría ser nuestro criterio al confrontarnos con la necesidad ineludible de resolverla.

---

(²)Dispone el artículo 483 del Código de Enjuiciamiento Criminal, en su inciso 7, que un preso puede ser excarcelado, mediante hábeas corpus: "Cuando se ha encarcelado una persona bajo una acusación criminal sin causa razonable o probable para ello."

En el caso de *Ex parte Alers y El Pueblo,* 22 D.P.R. 309, se arrestó a Alers y dos personas más, acusándolas del delito de incendio malicioso. Instituyeron recurso de hábeas corpus alegando que no existía causa probable para su detención y, habiendo sido denegado por la Corte de Distrito de Aguadilla, apelaron para ante este Tribunal. Analizando la prueba y resolviendo el caso dijimos:

"*Aunque se concediera que la declaración de Ramón Ramírez, por ser la de un cómplice, no es por sí sola bastante para decidir que exista causa probable para la detención de una ¡persona como co-autor del mismo delito, entendemos que, corroborada en algunos extremos por Juan González Avilés,* según aparece de los particulares por él declarados, *no puede sostenerse que los peticionarios estén detenidos sin causa alguna probable de la comisión del delito que se les imputa.* Si la declaración del cómplice *está o no suficientemente corroborada para con ella poder declarar culpable a los peticionarios* es cuestión para decidir en el juicio y no en una solicitud de hábeas corpus mediante cuyo auto no debe ponerse en libertad a una persona sino cuando haya carencia absoluta de evidencia para justificar su detención." (Bastardillas nuestras.)

El próximo caso en que surgió la misma cuestión fué en el de *Forastieri* v. *Calzada, Alcaide,* 53 D.P.R. 251, en el cual aparece que se arrestó a Forastieri por cuatro delitos de soborno por haber dado dinero a varios testigos de cargo en un caso de asesinato de que él estaba acusado, con el fin de que variaran sus declaraciones. Alegando que no existía causa probable para su detención, Forastieri interpuso cierto recurso de hábeas corpus y al ser declarado sin lugar, apeló para ante este Tribunal. Para sostener que existía causa probable, el fiscal había presentado la declaración del testigo Quintero, quien fué uno de los que recibió el soborno. Al resolver el caso dijimos:

"¿Demostró en este caso el fiscal de distrito la existencia de esa probabilidad?

"El apelante insiste en que no. Se basa en que la única evidencia aportada consistió en la declaración de un cómplice y disponiendo el artículo 253 del Código de Enjuiciamiento Criminal (ed. de 1935),

que no procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que por sí misma y sin la ayuda del testimonio del cómplice tienda a demostrar la relación del acusado con la comisión del delito, es evidente que no se comprobó que hubiera prueba, ni principio de prueba que justificara su detención.

*"Si Quintero fuera en verdad cómplice de Forastiere, tendría éste razón. ¿Lo es? . . ."* (Bastardillas nuestras.)

Para contestar la pregunta procedió entonces el Tribunal a considerar los artículos 131 y 132 del Código Penal, que tratan sobre soborno de testigos y aceptación de soborno por testigos, respectivamente, y después de analizar la jurisprudencia aplicable a ambos artículos, contestó la pregunta en la negativa, es decir, que Quintero no era cómplice de Forastieri, ya que el testigo que acepta un soborno incurre en un delito distinto al que incurre la persona que lo soborna, y dijimos a la página 259:

"No siendo, pues, Manuel Quintero un cómplice, su declaración es suficiente para demostrar que existió causa probable para la detención de Forastieri y por tanto que no cometió la corte sentenciadora el error que se le atribuye."

En el caso de *Ex parte Alers,* supra, indudablemente que no resolvimos nada en concreto sobre la cuestión planteada. Empero, lo dicho en el de *Forastieri* es algo más que un mero *dictum.* Afirmativamente resolvimos que "Si Quintero fuera en verdad cómplice de Forastieri, tendría éste razón". ¿Razón en qué? Pues en la única cuestión planteada en dicho caso, es decir, que la declaración de un cómplice, sin prueba de corroboración, no constituye causa probable para la detención de una persona a quien el cómplice incrimina en la comisión del delito. Tan es así, que para resolver que existía causa probable para la detención de Forastieri, este Tribunal tuvo que llegar a la conclusión de que Quintero no era tal cómplice y, no siéndolo, su declaración era suficiente para dejar establecida la causa probable.

Aceptando, sin embargo, que en la opinión del caso de *Forastieri* v. *Calzada,* supra, no se discutió ni se dió fundamento alguno y tampoco se hizo cita de jurisprudencia para sostener la primera conclusión de que si Quintero era en verdad cómplice de Forastieri ''tendría éste razón'', diremos ahora por qué creemos que esa. conclusión debe establecerse como doctrina para casos de esta naturaleza en esta jurisdicción.

Si como resolvimos en el de *Ex parte Vega,* supra, citado con aprobación en el de *Forastieri,* al presentarse una petición de hábeas corpus por falta de causa probable, el fiscal no tiene necesidad de establecer un caso completo para una convicción, sino solamente que hay una probabilidad razonable de que el caso puede ser sometido al jurado para su veredicto, ¿podría el caso presente ser sometido al jurado con la declaración, no corroborada, del cómplice Batalla? Indudablemente que no, y así lo admite el Fiscal de este Tribunal. Podría argüirse que posiblemente el Fiscal tenga en su poder otra prueba que corrobore dicha declaración o que pueda conseguirla antes del juicio. Estas posibilidades, sin embargo, no justifican que se arreste a una persona y se la tenga encarcelada, ya que la declaración no corroborada del cómplice no constituye, a nuestro juicio, prueba suficiente de la causa probable. Si bajo los términos del artículo 253, supra, un acusado no puede ser convicto con esa sola declaración, tampoco debe encarcelarse a un ciudadano con esa sola prueba. La libertad del ciudadano, tanto como su convicción de un delito, no debe depender de lo que aisladamente le imputa un cómplice cuya declaración a veces se consigue con el fin de que habrá de utilizársele como testigo de cargo—artículo 239 del Código de Enjuiciamiento Criminal—y en esa forma obtener su absolución. Artículo 241 del Código de Enjuiciamiento Criminal. Para obtener este resultado, desde luego, el Fiscal tiene que contar con prueba de corroboración, y si la tiene, no vemos razón alguna por qué no debe obligársele a presentar alguna parte de ella que deje establecida la causa pro-

bable. Al llegar a idéntica conclusión interpretando una disposición similar a la del artículo 253 nuestro, en el caso de *State* v. *Smith,* 138 Ala. 111, 35 So. 42, la corte se expresó en esta forma:

"... en nuestra opinión, su efecto es marcar una política a la administración de la ley en cuanto a esto que no puede llevarse a efecto a menos que se le dé fuerza en casos donde la investigación es la causa probable *vel non,* tanto como cuando la investigación es en cuanto a la culpabilidad absoluta. El estatuto infesta. el testimonio de cómplice con tal absoluta debilidad que no tan sólo debe el ciudadano no ser convicto a base del mismo, sino que tampoco debe privársele de su libertad en anticipación de juicio basado en él. Una consideración de practicabilidades en la administración de la ley penal, parecería dar fuerza a la misma conclusión. ¿Por qué debe detenerse al ciudadano para el gran jurado o acusado por el gran jurado, con testimonio a base del cual ningún pequeño jurado podría posiblemente condenarlo? ¿Qué buen fin podría servirse con tal procedimiento? ¿Puede decirse que exista causa probable demostrada en cualquier caso por testimonio que la ley expresa y positivamente declara que es insuficiente para sostener una convicción? Creemos que no. ... Detenerlo sería una cosa vana e inútil, que envuelve su encarcelación, no como castigo por un delito y no realmente con el fin de que se le juzgue por un delito imputado de cuya culpabilidad probable existe prueba, sino a lo sumo sobre una mera especulación de que podría encontrarse prueba para corroborar aquélla del cómplice. ..."

A la misma conclusión se llegó en el caso de *Ex parte Oxley,* 149 Pac. 992 (Nevada, 1915).

En California, de donde procede nuestro Código de Enjuiciamiento Criminal, siendo el artículo 253, supra, igual al 1111 del Código Penal de dicho estado, se ha resuelto lo contrario. El primer caso que se nos ha citado y que hemos encontrado en que se resolvió incidentalmente la cuestión fué el de *In re Mitchell,* 1 Cal. App. 396, 82 Pac. 347 (1905) y expresamente en el de *Ex parte Schwitalla,* 36 Cal. App. 511, 172 Pac. 617 (1918), el cual fué ratificado en el de *People* v. *McRae,* 187 P.2d 741 (1947). Se basaron estos casos en la

interpretación que a dicho artículo 1111 han dado en el sentido de que la prueba de corroboración de un cómplice sólo es necesaria para la "convicción" del acusado y no para la determinación de si existe causa probable para su detención preliminar. Siendo esta jurisprudencia posterior al año 1902 en que se aprobó el Código de Enjuiciamiento Criminal de Puerto Rico, no puede decirse que al adoptar el artículo 253, supra, lo hicimos conociendo su interpretación y que debemos seguirla. *Pueblo* v. *Puente,* 14 D.P.R. 111; *Pueblo* v. *Colón,* 15 D.P.R. 680. Sólo podría tener fuerza persuasiva en los razonamientos que les sirvieron de base. *Pueblo* v. *Pérez Peña,* 59 D.P.R. 449. El razonamiento de las cortes de California no nos convence con tal fuerza persuasiva que debamos adoptarlo. Tampoco fué una corte unánime la que resolvió el último caso en la Corte Suprema de California (los demás casos habían sido resueltos por cortes intermedias) en *People* v. *McRae,* supra, pues hubo dos votos disidentes. El Juez Schauer, en su opinión disidente, al referirse a la declaración no corroborada de un cómplice, se expresó, en parte, así:

". . . Tal testimonio, sin corroborar, era completamente incompetente para probar ningún hecho (citas) ; estando sin corroboración el *status* del caso en cuanto a prueba de culpabilidad, causa probable o cualquier otro hecho, es exactamente lo mismo como si ninguna otra prueba se hubiera presentado.

"La mayoría, por tanto, comete error al aplicar la regla de la vista preliminar en cuanto al *quantum* o persuación de la prueba a una situación donde *no* existe prueba. No ataco la regla en sí, que es al efecto de que en el procedimiento preliminar no es necesario que a un acusado se le pruebe culpable más allá de duda razonable, que es suficiente para detenerlo para juicio si de la prueba es razonable creer que el acusado es culpable del delito imputado (citas). Bajo esta regla, aun cuando el juez instructor (*committing magistrate*) pueda ver el testimonio del cómplice con cautela, sospecha y duda, él puede legalmente, si el testimonio del cómplice está corroborado, detener al acusado para que responda del cargo. Pero si el testimonio del cómplice permanece completamente incorroborado y no hay

otra prueba de culpabilidad, entonces no existe evidencia competente alguna en que pueda basarse una orden de encarcelamiento.

''. . . . . . . . .

''No hay base satisfactoria para sostener que evidencia que, por la acumulada sabiduría de la ley, es completamente incompetente para probar ningún hecho en la corte superior o a ser considerada en absoluto en la misma, sea recibida y aceptada como la única y completa prueba de todos los hechos esenciales en la corte instructora (*committing court*). De nuevo, enfatizo, no tenemos aquí ninguna cuestión en relación al *quantum* o grado de prueba; tenemos una ausencia absoluta de prueba. . . .''

Si la única prueba que tiene el ministerio fiscal en el presente caso, en cuanto a la participación del apelante en los delitos imputados, es la declaración del cómplice Batalla, ¿qué probabilidad razonable existe de que el caso pueda ser sometido al jurado? Ninguna, a nuestro juicio, ya que procedería su absolución perentoria ordenada por la corte. Rechazar la regla de que a un ciudadano puede privársele de su libertad a virtud de una orden de arresto expedida por un fiscal a base de la declaración de un cómplice, sin prueba de corroboración, no constituye peligro alguno para la sociedad. Si el fiscal no tiene esa prueba corroborativa nunca podrá obtener una convicción al celebrarse el juicio y no debe permitírsele que prive de su libertad al ciudadano indefinidamente. Tomamos conocimiento judicial de la dilación en radicarse las acusaciones primero, y luego en celebrarse los juicios en nuestras cortes de distrito y especialmente en aquellos casos, como el presente, en que son varios los acusados. Ante la imposibilidad de prestar la fianza fijada, aquí las fianzas exigidas totalizan $280,000,(³) no debe prevalecer una regla que de-

---

(³) El hecho de que se imputen al apelante ocho asesinatos y dos atentados a la vida, no justifica, a nuestro juicio, que se fijen fianzas en tal forma excesivas que no cumplan con el propósito que tuvo en mente el legislador al exigir su prestación, o sea que la persona arrestada ''comparecerá a contestar'' la acusación que se le formule—artículo 378 del Código de Enjuiciamiento Criminal— o a contestarla una vez formulada, artículo 385 del mismo Código. Además, nuestra Carta Orgánica en su artículo 2, párrafo 12, dispone que ''no se exigirán fianzas desproporcionadas''.

penda de la expectativa de que el fiscal pueda, con el transcurso del tiempo, conseguir la prueba corroborativa necesaria para completar su caso. Aceptar la regla establecida en California(⁴) sería conceder al testimonio aislado de un cómplice un valor probatorio que la ley le niega pues dicho testimonio, por sí solo, no constituye prueba en contra del detenido o del acusado. Sería poner en manos de un acusado la facultad de involucrar, por enemistad o conveniencia, en la comisión del delito que se le imputa, a cualquier otra persona y en esa forma obtener su detención, sin que el fiscal esté obligado a demostrar que tiene en su poder cualquier otra prueba corroborativa que lo conecte con la comisión del delito y así dejar establecida la causa probable para su detención.

Creemos que los fines de la justicia se cumplen mejor garantizando la libertad del ciudadano, y en este caso del apelante, contra una encarcelación basada únicamente en la declaración, no corroborada, de un supuesto cómplice. Decimos "supuesto" porque mientras no exista la prueba de corroboración, al apelante no se le ha conectado en forma alguna con los delitos imputados a Batalla y Palóu.

*Debe revocarse la sentencia apelada, declararse con lugar la petición de hábeas corpus y ordenarse la excarcelación del apelante.*

Opinión disidente del Juez Asociado Señor Snyder en la cual concurre el Juez Asociado Señor Negrón Fernández.

Convengo en que el récord no contiene evidencia que conecte a Castro con los delitos que se le imputan, excepto la confesión de Batalla, su presunto cómplice. Convengo también en que si el Fiscal no presenta durante el juicio alguna

---

(⁴)Nueva York, Minnesota y Oklahoma han establecido la misma regla. Véase *Ex parte Eason*, 282 Pac. 684 (Okla., 1929); *State* v. *Jeffrey*, 300 N. W. 7 (Minn., 1941); *In re Dempsey*, 65 N.Y.S. 717; *People* v. *Munro*, 268 N.Y.S. 404 (1934). Es de notarse que en todos estos casos y los de California, la detención fué ordenada por el juez instructor hasta que el gran jurado actuara en los casos. En Puerto Rico es el fiscal quien ordena el arresto y luego acusa.

otra prueba, Castro debe ser absuelto. Esto es así porque el artículo 253 del Código de Enjuiciamiento Criminal, ed. de 1935, provee que "No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; . . . ".

Pero aquí no tenemos que resolver si Castro es inocente o culpable. Eso puede determinarse solamente después de ser acusado y juzgado, y ninguna de estas dos cosas se ha hecho aquí. Castro se halla detenido por no haber prestado la fianza que se le fijó al expedirse una orden de arresto contra él. Y sólo tenemos ante nos una solicitud de hábeas corpus para su excarcelación. En esta situación el Fiscal no viene obligado a probar la culpabilidad de Castro. Bajo el artículo 483 del Código de Enjuiciamiento Criminal sólo tiene que demostrar que existe causa probable para su arresto con el fin de luego acusarlo.

El artículo 253 de nuestro Código de Enjuiciamiento Criminal no dice que un acusado no puede ser *arrestado* o *acusado* sin que exista evidencia corroborativa de la declaración de un cómplice. Por el contrario, únicamente provee que no procede *una convicción* sin tal corroboración. Por tanto, no veo sobre qué base podemos decir que bajo los artículos 253 y 483 sea necesaria la corroboración para justificar el *arresto*.

En cuanto a esta proposición no estoy solo. Según admite la opinión de la mayoría, cuatro de los seis casos de otras jurisdicciones que se nos han citado sobre este punto, apoyan mi posición. Al comentar estos casos en la nota 4, la opinión de la mayoría del Tribunal indica que en estos cuatro estados un juez instructor detiene a un acusado para someter su caso al gran jurado, mientras que en Puerto Rico el fiscal ordena el arresto y luego acusa. Pero toca a la Legislatura determinar cuál de estos dos procedimientos de arresto y acusación debe utilizarse en Puerto Rico. No creo que la elección que ésta ha hecho tenga efecto alguno sobre

el claro significado del artículo 253. En esta jurisdicción, donde la fuente de nuestro derecho penal es enteramente estatutaria, yo seguiría la conclusión de la mayoría de los estados al efecto de que el lenguaje del artículo 253 significa lo que dice, y que se necesita la corroboración solamente para la convicción, y no para el arresto.

Según interpreto la ley, éste es un caso sencillo. Se acepta que la confesión de Batalla incrimina a Castro. Por consiguiente yo resolvería que no es necesaria corroboración alguna de la confesión en esta etapa del caso y que la confesión de Batalla constituye prueba suficiente de *causa probable* para justificar el *arresto* de Castro. Si es culpable o no dependerá de la prueba que se presente contra él durante el juicio, en el cual es necesaria la corroboración.

Huelga decir que cuando se le arresta un acusado tiene derecho a salir en libertad bajo fianza razonable. Y el importe total de las fianzas fijadas en este caso me lleva a observar que el Fiscal tiene autoridad para fijar fianzas en una suma tal que garantice la presencia del acusado durante el juicio. Pero no tiene el Fiscal autoridad para fijar una fianza tan alta que no tenga otro propósito que el de retener al acusado en la cárcel hasta que se le celebre el juicio.